# Commonwealth of Massachusetts
## County of Worcester
## The Superior Court

03-40268

FILED
IN CLERK'S OFFICE

CIVIL DOCKET#: WOCV2003-02104-C

2003 DEC 29 P 2:06

U.S. DISTRICT COURT
DISTRICT OF MASS.

RE:   Storie et al v Household International Inc Beneficial Finance Corp et al

TO:   Thomas Caarlotto
      86 Weybosset Street
      Providence, RI 02903

## NOTICE OF DOCKET ENTRY

You are hereby notified that on **12/23/2003** the following entry was made on the above referenced docket:

**Case REMOVED this date to US District Court of Massachusetts**

Dated at Worcester, Massachusetts this 23rd day of December, 2003.

Francis A. Ford,
Clerk of the Courts

BY: Alexander Rodriguez, III
Assistant Clerk

Telephone: 508-770-1899, Ext. 125 or Ext. 105 (Session Clerk)

cvdgeneric_2.wpd 989109 removus mony

MAS-20031124  Case 4:03-cv-40268-FDS   Document 3   Filed 12/29/2003   Page 2 of 18   12/23/2003
mony                          Commonwealth of Massachusetts                          10:49 AM
                              WORCESTER SUPERIOR COURT
                                   Case Summary
                                   Civil Docket

# WOCV2003-02104
## Storie et al v Household International Inc Beneficial Finance Corp et al

| | | | | | |
|---|---|---|---|---|---|
| File Date | 10/30/2003 | Status | Disposed: transfered to other court (dtrans) | | |
| Status Date | 12/23/2003 | Session | C - Civil C (16 Worcester) | | |
| Origin | 1 | Case Type | D99 - Misc equitable remedy | | |
| Lead Case | | Track | F | | |

| | | | | | |
|---|---|---|---|---|---|
| Service | 01/28/2004 | Answer | 03/28/2004 | Rule12/19/20 | 03/28/2004 |
| Rule 15 | 03/28/2004 | Discovery | 08/25/2004 | Rule 56 | 09/24/2004 |
| Final PTC | 10/24/2004 | Disposition | 12/23/2004 | Jury Trial | No |

### PARTIES

**Plaintiff**
William A Storie
59 Crawford Road
Oakham, MA 01068
Active 10/30/2003 Notify

**Plaintiff**
Maritza Storie
59 Crawford Road
Oakham, MA 01068
Active 11/07/2003

**Defendant**
Household International Inc Beneficial Finance Corp
72 Madison Ave
Worcester, MA 01608
Service pending 11/07/2003

**Private Counsel** 641171
Christine L DeRosa
Shechtman Halperin Savage
86 Weybosset Street
Providence, RI 02903
Phone: 401-272-1400
Fax: 401-272-1403
Active 11/12/2003 Notify

*** See Attorney Information Above ***
*** See Attorney Information Above ***

**Defendant**
Beneficial Finance/Household Retail Finance
Served: 10/31/2003
Inactive 11/07/2003

*** See Attorney Information Above ***

MAS-20031124  Case 4:03-cv-40268-FDS   Document 3   Filed 12/29/2003   Page 3 of 18   12/23/2003
mbny
Commonwealth of Massachusetts
WORCESTER SUPERIOR COURT
Case Summary
Civil Docket
10:49 AM

## WOCV2003-02104
### Storie et al v Household International Inc Beneficial Finance Corp et al

| Out-of-state attorney | |
|---|---|
| Thomas Caarlotto<br>86 Weybosset Street<br>Providence, RI 02903<br>Phone: 401-272-1400<br>Active 11/17/2003 Notify | |

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 10/30/2003 | 1.0 | Complaint & civil action cover sheet filed |
| 10/30/2003 | | Origin 1, Type D99, Track F. |
| 10/30/2003 | | Filing fee paid in the amount of $240.00, surcharge in the amount of $15.00 including $20.00 security fee.($275.00) |
| 10/30/2003 | | Complaint (P#1) Summons & Order of notice to issue, returnable 11-7-03 at 2:00pm in room 16 (Thomas P. Billings, Justice). Notices mailed October 31, 2003 |
| 10/30/2003 | | Summons and order of notice issued; returnable November 07, 2003 at 2:00pm |
| 11/04/2003 | 2.0 | SERVICE RETURNED: Beneficial Finance/Household Retail Finance(Defendant) service made on 10-31-03 (agent person in charge) |
| 11/07/2003 | | MOTION (P#1) After hearing both parties, this motion is stayed for 10 days. No payments need to be made until 11/17/03 @ 2:00 PM when this Court will hear further testimony. Preliminary Injunction shall issue as stated (Page, J) Notices mailed 11/7/03 |
| 11/07/2003 | 3.0 | Preliminary injunction issued as ordered - rec'd $110.00 |
| 11/07/2003 | 4.0 | Amended complaint of William A Storie |
| 11/12/2003 | | Atty Christine L DeRosa's notice of appearance for Household International Inc Beneficial Finance Corp, Beneficial Finance/Household Retail Finance |
| 11/13/2003 | | Notice sent to appear on November 21, 2003 for a hearing on |
| 11/13/2003 | 5.0 | Opposition to plf's application for preliminary injunction filed by Beneficial Finance/Household Retail Finance, memo of law in support of objection |
| 11/19/2003 | 6.0 | Plfs memorandum of facts in support of complaint and request for permanent injunction |
| 11/21/2003 | 7.0 | Original PI issued 11/07/03. The plff is to pay the $90.00 fee for the PI. This matter is con't in effect until 12/29/03 at 2:00 PM for status. Counsel for the plff. or a representative from Harvard Law School should be present. All matters are stayed until then. ( T Page,J)   Copies given to plffs' in hand,   Deft's mailed copy on 11/24/03.   Upon review, the plff. has already paid the $90.00 on 11/7/03. |
| 12/18/2003 | 8.0 | Notice for Removal to the United States District Court filed by Household International Inc Beneficial Finance Corp and Beneficial Finance/Household Retail Finance |
| 12/23/2003 | | Case REMOVED this date to US District Court of Massachusetts |

### EVENTS

**Commonwealth of Massachusetts**
**WORCESTER SUPERIOR COURT**
Case Summary
Civil Docket

## WOCV2003-02104
### Storie et al v Household International Inc Beneficial Finance Corp et al

**EVENTS**

| Date | Session | Event | Result |
|---|---|---|---|
| 11/07/2003 | Civil C (16 Worcester) | Motion/Hearing: prel inj | Event held as scheduled |
| 11/17/2003 | Civil C (16 Worcester) | Motion/Hearing: prel inj | Event not held-joint request |
| 11/21/2003 | Civil C (16 Worcester) | Further hearing from 11/07/03 Motion/Hearing: prel inj | Event held as scheduled |
| 12/29/2003 | Civil C (16 Worcester) | continued by agreement from 11/17/03 Status: by session | Event canceled not re-scheduled |
| 11/01/2004 | Civil C (16 Worcester) | As a result of a P.I. hearing w/Judge Page on 11/21/03. Counsel (from Harvard Law School) for the plaintiff should also be present. Status: Review Annual Fee send notice | Event canceled not re-scheduled |

A true copy by photostatic process
Attest:
Asst. Clerk

| CIVIL ACTION COVER SHEET | DOCKET NO(S) 03-2104 | Trial Court of Massachusetts Superior Court Department County:_____ |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| William A Storie | Beneficial Finance / Household Retail Finance |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
| 59 Crawford Rd Oakham, MA 01068 | |
| Board of Bar Overseers number: | |

### Origin code and track designation

Place an x in one box only:
- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. **D99**  TYPE OF ACTION (specify) _____ TRACK ( ) IS THIS A JURY CASE? ( ) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................................. $..........
  2. Total Doctor expenses .............................................................. $..........
  3. Total chiropractic expenses ....................................................... $..........
  4. Total physical therapy expenses .................................................. $..........
  5. Total other expenses (describe) .................................................. $..........
     Subtotal $..........
B. Documented lost wages and compensation to date ................................... $..........
C. Documented property damages to date .............................................. $..........
D. Reasonably anticipated future medical and hospital expenses ....................... $..........
E. Reasonably anticipated lost wages ................................................. $..........
F. Other documented items of damages (describe)
     $..........
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

     $..........
     TOTAL $..........

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):


     TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _Wm Sty_    A true copy by photostatic process   DATE: 10/30/03
Attest: _____
Asst. Clerk

AOTC-6 mtc005-11/99
A.O.S.C. 1-2000

mym 10/30/03

Case 4:03-cv-40268-FDS   Document 30   Filed 12/29/2003   Page 6 of 18

"11/7/03 After hearing on the PI, this matter is stayed for 10 days. The plaintiff is not to make any payments until after the hearing 11/17/03 @ 2pm, when this Court will hear further testimony. Page, J.

Attest: Alex Rodriguez III
Asst. Clerk

P.I. to issue as stated"

OCT 30 2003

**COMMONWEALTH OF MASSACHUSETTS**

Worcester, ss.                                          Superior Court
                                                        Docket Number 03-2104 C

Plaintiff(s)

William A Storie
59 Crawford Rd
Oakham, MA 01068

10/30/03
Summons & Order of Notice
to issue Returnable
11/7/03 @ 2pm in
Room 16
(Billings, J)
Attest: Joanne ___, Asst Clerk

Vs.

**COMPLAINT**

Defendant(s)

Beneficial Finance
owned by Household Retail Finance

275.-

My name is William Storie. I reside at 59 Crawford Rd Oakham, MA 01068.

Approximately 3 years ago I obtained a home equity loan with Beneficial Finance for approximately $38,000.

This loan was deemed predatory in nature and I entered into a Class Action regarding the terms of the loan.

I am currently seeking consultation w/ an attorney from Harvard Law School as to how to rescind my name from this loan and look at more effective means to hold Beneficial/Household Retail Finance about accountable.

Prior to this, I requested a payout amount for the loan

Page 1

On Sunday Oct 26, 2003. I recieved the payout amount, $36,899.96 on 10/29/03 in the mail. I have until 10/31 to pay the loan or further interest will accrue rapidly.

I am asking the court for an injunction ceasing all activity on this loan. I will be willing to place the payoff amount in an escrow account, until future action/decisions through the court, along with the State Attorney General's office regarding being allowed out of the class action.

My ultimate hope is that the loan be rescinded. I will also entertain other settlement offers from Beneficial Finance.

Beneficial should recieve any interest from the escrow if judgement is not in my favor.

I thank the court for consideration in this matter.

William A. Short, Sr.

① I hereby request that this court place a restraining order on Beneficial Finance/Household retail finance acct # 521721-17-506554-0

② Plaintiff agrees to place Principal Balance of $36,899.96 in an escrow account until further judgements occur.

③ Due to the unreasonable amount of time allowed to mail this payment, since a branch will not accept payoffs, I request Beneficial be responsible for court costs for this order.

Sincerely,
William A. Short

A true copy by photostatic process
Attest: [signature]
Asst. Clerk

**COMMONWEALTH OF MASSACHUSETTS**

**WORCESTER, SS.**

FILED
NOV 0 4 2003
ATTEST:
[signature] Francis A. Ford
CLERK

SUPERIOR COURT
DEPARTMENT OF THE
TRIAL COURT
CIVIL ACTION

No. 2003 - 2104 C

William A. Storie   Plaintiff (s)

v.

Beneficial Finance / Household Retail Finance   Defendant (s)

**SUMMONS AND ORDER OF NOTICE**

To the above-named Defendant:   Beneficial Finance

You are hereby summoned and required to serve upon William A. Storie plaintiff's ~~attorney~~, whose address is 59 Crawford Rd., Oakham MA 01068 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT at WORCESTER, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Worcester in the Courtroom 16 session without jury of our said court on Friday the 7 th day of November A.D. 20 03 at 2:00 PM o'clock ~~A.M.~~; at which you may appear and show cause why such application should not be granted.

Witness, Suzanne V. DelVecchio, Esquire, at Worcester, the 30 th day of October in the year of our Lord two thousand and 03.

[signature] Francis A. Ford   [redacted]   Clerk

NOTES:
1. This summons is issued pursuant to Rules 4 and 65 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption.
   If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS



**Worcester County Sheriff's Office** • P.O. Box 1066 • Worcester, MA 01613 • (508) 752-1100

*Worcester, ss*

11/03/2003

I hereby certify and return that on 10/31/2003 at 12:24pm I served a true and attested copy of the Summons and Order of Notice, Civil Action Cover Sheet, Complaint in this action in the following manner: To wit, by delivering in hand to KELLY O'NEIL, agent, person in charge at the time of service for BENEFICIAL FINANCE at 72 MADISON ST, WORCESTER, MA. Fees: Service 30.00, Travel 3.84, Conveyance 2.00, Attest 5.00, Total fees: $40.84

Deputy Sheriff David G Westerman

*Deputy Sheriff*

**N.B. TO PROCESS SERVER:**

PLEASE PLACE **DATE** YOU MAKE SERVICE ON DEFENDANT IN THIS BOX.

**ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.**

October 31, 2003

COMMONWEALTH OF MASSACHUSETTS
Worcester, ss.

Superior Court
Department of the
Trial Court
Civil Action
No. ........ Plaintiff

v.

........ Defendant

SUMMONS
(Mass. R. Civ. P. 4)
AND
ORDER OF NOTICE
ON
APPLICATION FOR PRELIMINARY INJUNCTION

A true copy by photostatic process
Attest:
Asst. Clerk

11/7

03-2104C

William A. & Maritza Storie
59 Crawford Rd.
Oakham, MA 01068

    Plaintiffs

Vs.



Household International, INC
Beneficial Finance Corp.
72 Madison Avenue
Worcester, MA 01608

    Defendant

## COMPLAINT MODIFICATION FOR INJUNCTION, RESTITUTION and OTHER EQUITABLE RELIEF

1. Plaintiffs WILLIAM A . & MARITZA STORIE, Husband and wife bring action pursuant predatory lending laws regarding a Home Equity Line of Credit (HELOC) obtained in August, 2000 as well as a "live" check loan sent to Plaintiff's home unsolicited in July, 2000.

2. Defendant Household Retail Finance, INC., a Delaware corporation, and/or its direct and indirect subsidiaries, affiliates, officers, directors, employees, agents, related entities, successors, and assigns (collectively, "Household"), at all times mentioned herein, have transacted business within the State of Massachusetts, County of Worcester. The violations of the Law alleged took place in the State of Massachusetts, and in the County of Worcester.

3. Plaintiffs had agreed to place the "Payoff" amount of the loan in an escrow account until this matter is resolved. Plaintiffs would like to rescind this offer to the court. After consultation with counsel, Plaintiffs feel this action could place the funds in Escrow for a long period of time depending on the length of court proceedings and judgment.

## **GENERAL ALLEGATIONS**

4. The amount in question may exceed 100,000.00 dollars.

5. In the ordinary course of business, direct or indirect subsidiaries of Household Finance Corporation ("HFC"), a subsidiary of Defendant Household International, Inc. have negotiated and entered into a real estate secured loan with William A. & Maritza Storie, in the State of Massachusetts. This real estate secured and a "Live" check loans were made from or at Household's retail lending branches during between the period June 1, 2000 through September 1, 2000.

6. The Attorney General and Commissioner in Massachusetts, and the Attorney General and financial regulators in other states have received and investigated complaints and conducted examinations concerning other Covered Transactions, including those of the Plaintiffs. This complaint is related to Household's conduct with respect to the following practices (Collectively, "The Lending Practices"): Plaintiffs allege that Defendant used "live checks" as a "bait" to make a high-cost mortgage loan, and used misleading representations.

A. <u>Prepayment Penalties:</u> Plaintiffs allege that Defendant engaged in a practice of misleading this consumer about the presence of a five year prepayment penalty on our Secured "HELOC" loan. Documentation showed there was a 5-year penalty. This amount was ordered in a Class Action Settlement to be reduced to 2 years and all parties were to be notified in writing. This consumer was not notified until 8/2003 and was under the impression the pre-payment penalties were as originally understood and explained by "HFC".

B. <u>Unsolicited loans offered through an unsolicited negotiable check that this consumer accepted by endorsing and depositing the check ("live checks"):</u> Plaintiffs allege that Defendant used "live checks" as a "bait" to make high-cost mortgage loans and used misleading representations.

C. <u>Practices with regard to home equity lines of credit:</u> Plaintiffs allege that Defendant extended what was in substance closed-end credit disguised as open-end credit with the intent to avoid making meaningful disclosures concerning the payment terms, such as existence of large balloon payments. Plaintiffs further allege that Defendant extended what was in substance closed-end credit with APRs in excess of 10% over the US treasury rate for comparable maturates, which Defendant disguised as open-end credit to evade the requirements of the Home Ownership and Equity Protection Act, 15 U.S.C. 8 1639.

D. <u>Payoff information:</u> Plaintiffs allege that Defendant failed to provide the ability to

obtain payoff information in a reasonable manner. Plaintiff was unable to obtain payoff information at the Leominster Beneficial "HFC" Office on October 24, 2003. Plaintiff was informed that this could be accomplished through FAX or Internet Beneficial Website request. Plaintiff on October 26, 2003 was able to enter the Beneficial Web page, needing a user name & password, and make a request for payoff information. On October 29, 2003 at approximately 7:00pm plaintiffs received in the mail the payoff information.    This process makes the payment impossible to send through regular first-class mail. This method Impeded Plaintiff's ability to seek refinancing elsewhere.   The payoff amount of this loan is $101.00 less than the original principle amount of the loan after 38 U.S. months.

E. <u>Balloon Payments:</u> Plaintiffs allege that Defendant extended credit on terms that would eventually require balloon payments, without disclosing to Plaintiffs the existence or amount of the balloon payments.

F. <u>Net tangible benefit in loan refinancing:</u> Plaintiffs allege that Defendant engaged in the practice of refinancing its own and other loans, thereby imposing additional fees and costs, where the new loan provided no net tangible benefit to the Plaintiffs. For example, Plaintiff was not able to obtain "Loan"/"HELOC" unless a 0% car loan totaling more than $16,000 was rolled into the "HELOC". This mandate by "HFC" has cost Plaintiffs thousands of dollars in interest payments that would have not otherwise occurred as a result of this mandate. Plaintiff did not want to place this loan in the "HELOC".

7. <u>Loan billing practices relating to simple interest calculation:</u> Plaintiffs allege there may be deceptive and inappropriate practices in regards to billing and calculations of interest. This may include interest calculations with respect to when a payment is late. Plaintiffs will be exploring these practices further. The basis of this concern is the fact that after ~~68~~ [38 months w/] months of paying a required amount of the loan, the payoff amount is only $101.00 less than the original principle of the loan after ~~68~~ [38 w/] months. Plaintiffs paid more than $16,000 in interest on this loan.

8. <u>Monthly payment amounts:</u> Plaintiffs allege that defendants failed to inform consumer that higher payments, rather than lower rates, were the feature of the bi-weekly payment program which would result in overall savings in finance charges. Further, in making sales presentations with respect to Refinance and Debt Consolidation with respect to HELOC loans, Defendants made misleading comparisons of monthly payment obligations between existing debts and the proposed new loan to be made by Defendant.

9. As of 11/5/03 it was the understanding of the Plaintiffs that the property secured on this "HELOC" was that of 59 Crawford Rd. Oakham, MA 01068, which includes Plaintiffs dwelling on 9.5 acres of land. After review of the loan agreement it was discovered that Defendants have placed the Lien for the wrong property on the loan. There is no home on the property secured by this loan.

10. Written documents supporting some of these allegations are available with Plaintiff. Defendant has possession and control of most original documents and/or copies of the original documents.

11. Defendant's conduct, as set forth in this Complaint, was contrary to and prohibited by the provisions of the Consumer Credit Protection Act, 15 U.S.C. 1601 *et seq.*

12. Plaintiffs allege defendant's conduct, as set forth in this Complaint, resulted in material misrepresentation to the Plaintiffs in obtaining loans from the Defendant.

13. Plaintiffs allege the Defendant intentionally or due to gross or wanton negligence, repeatedly failed to provide Plaintiff material disclosures of information required by State or Federal Law in connection with loan transactions as set forth in this complaint.

## **RELIEF**

Based on the forgoing, Plaintiffs ask the Court to enter a Judgement in their favor that:

A. Stops all activity on Loan #521721-17-506554 made by Defendant to Plaintiff until this matter is resolved through court proceedings. Plaintiffs feel that to maintain a freeze of this loan is appropriate under these circumstances and in their best interest in moving forward with this complaint. Plaintiffs hope the court considers the amount of evidence physically provided in this proceeding.

B. Plaintiffs request to invalidate the "Arbitration Clause" signed into by Plaintiff under the belief that "HFC" was entering into a loan with Plaintiff acting in good faith and in best interest of the Plaintiffs with knowledge of the Plaintiffs

desperate financial situation at the time. Plaintiffs feel that court proceedings at this point are warranted and appropriate.

C. Requires Defendant Household International, Inc. to make restitution to Plaintiffs

D. Awards the Plaintiffs their attorney fees, costs, expenses and civil fines allowed by law.

E. Awards the Plaintiffs such other and further relief as the Court deems just, proper, and equitable under the circumstances.

F. Co-Plaintiff, William A Storie, prior to understanding all of the foregoing entered into a class-action consent agreement against "HFC". There has been no consideration received from the class action to this point. Mr. Storie signed a release entering into the class action settlement. Mrs. Storie did not. Plaintiffs ask the court to make null and void the release since both parties did not sign. Both parties would like to enter into this action together. If the court cannot allow this, Mrs. Storie will act as sole Plaintiff. Mr. Storie would like to work with the Massachusetts State Attorney General's Office in order to rescind this release if this court cannot.

G. Made under the penalties of perjury.

Respectfully submitted,

*William A. Storie*
William A. Storie
Case Manager, Mass Dept. of Mental Health

*Maritza Storie*
Maritza Storie
Asst. Dir. Residential Services, Devereux

59 Crawford Rd.
Oakham, MA 01068
508-882-3810

Dated: November 7, 2003

A true copy by photostatic process
Attest:
Asst. Clerk

COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| WORCESTER, SS. | SUPERIOR COURT DEPARTMENT<br>OF THE TRIAL COURT |

| | |
|---|---|
| WILLIAM A. STORIE,<br>    Plaintiff,<br><br>v.<br><br>BENEFICIAL FINANCE/HOUSEHOLD<br>RETAIL FINANCE,<br>    Defendants. | No. 2003-2104 C |

### ENTRY OF APPEARANCE

Christine L. DeRosa hereby enters her appearance on behalf of Defendants, Beneficial Finance/Household Retail Finance.

                                                Defendants,
                                                Beneficial Finance/Household Retail Finance
                                                By its Attorneys,
                                                Shechtman Halperin Savage, LLP,

                                                _/s/ Christine L. DeRosa_
                                                Christine L. DeRosa BBO# 641171
                                                86 Weybosset Street
                                                Providence, RI 02903
                                                (401) 272-1400 phone
                                                (401) 272-1403 fax

### CERTIFICATE OF SERVICE

I certify that the within Entry of Appearance was served upon the following *pro se* Plaintiff by first class mail, postage prepaid, on November 10, 2003:

William A. Storie
59 Crawford Road
Oakham, MA 01068

                                                _/s/ Christine L. DeRosa_
                                                Christine L. DeRosa

                                                A true copy by photostatic process
                                                Attest: _/s/_
                                                Asst. Clerk