UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 FEB 17 A 9:54
U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM A. & MARITZA STORIE,  )
   Plaintiffs,  )
VS.  )  No. 03-40268-NMG
  )
HOUSEHOLD INTERNATIONAL, INC.,  )
BENEFICIAL FINANCE CORP.,  )
   Defendants.  )
  )

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR COMPLAINT MODIFICATION

Defendants, Household International, INC. and Beneficial Finance Corp., ("Defendants") hereby submit this Memorandum of Law in Support of Defendants' Objection to Plaintiffs' Motion For Complaint Modification To Include Plaintiffs' Memorandum Of Facts In Support Of Plaintiffs' Complaint And Worcester Superior Court Transcripts When Available ("Motion for Complaint Modification").

### I. INTRODUCTION

In their Motion, Plaintiffs, William and Maritza Storie ("Plaintiffs"), are essentially asking this Court for permission to further amend their Complaint to incorporate the factual allegations contained in a memorandum they filed in the Worcester County Superior Court as well as hearing transcripts. Defendants filed a Motion to Dismiss the Complaint[1] on several grounds, including: failure to state a clam, the terms of a general release and settlement agreement, the expiration of the applicable statute of limitations, insufficient process and service of process; lack of personal jurisdiction, failure to join an indispensable party, and the terms of the applicable arbitration rider. Since none of the facts alleged in the Memorandum or the transcripts are sufficient to cure the deficiencies in the Complaint or to defeat the Defendants'

---

[1] Defendants' Motion to Dismiss is currently pending before this Court.

Motion to Dismiss, the requested amendment would be futile. In addition, Defendants would be unfairly prejudiced if Plaintiffs were allowed to incorporate the factual allegations contained in a 15-page memorandum of law or hearing transcripts because it would be impossible for Defendants to respond to said allegations as required by the Federal Rules of Civil Procedure.

## II. PROCEDURAL BACKGROUND

Plaintiff, William Storie, originally filed a Complaint and Request for Preliminary Injunction in the Worcester Superior Court. Prior to the expiration of the period afforded by the Massachusetts Rules of Civil Procedure for a response by the Defendants, Plaintiff amended his Complaint as a matter of right to add his wife, Maritza, as a party Plaintiff and assert a claim under the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA") by filing a "Complaint Modification". Defendants removed the case to this Court and filed a Motion to Dismiss on several grounds, including but not limited to, failure to state a claim upon which relief may be granted. Pursuant to Mr. Storie's request, the parties stipulated that Plaintiffs have up until February 20, 2004, to respond to the Motion to Dismiss. Defendants agreed to the extension based, in part, upon Plaintiffs' representations that they were attempting to retain counsel.

Prior to the response deadline, Plaintiffs filed the subject Motion for Complaint Modification indicating that they will continue to proceed *pro se*.[2] Plaintiffs seek to further amend their Complaint to incorporate the factual allegations contained in the Memorandum of Facts they submitted in response to Defendants' Objection to Plaintiff's Application for Preliminary Injunction. Plaintiffs also apparently seek to incorporate the substance of the transcripts from at least two hearings previously held in the Worcester Superior Court. For the reasons set forth herein, Plaintiffs' Motion for Complaint Modification must be denied.

---

[2] Plaintiffs asserted in their Motion that it should not be construed as a response to the pending Motion to Dismiss and that they have not, nor do they expect to, obtain the assistance of counsel.

2

### III. APPLICABLE STANDARD

Plaintiffs' Motion for Complaint Modification is best viewed as a motion to amend pursuant to F.R.C.P. 15(a). According to F.R.C.P. 15, a party may obtain leave of court to amend a pleading, when, in absence of the adverse party's consent, "justice so requires." F.R.C.P. 15(a). "While motions to amend are treated liberally in this Circuit, a court may deny them if, as a matter of law, amendment would be futile." *Kemper Ins. Cos. v. Federal Express Corp.*, 115 F. Supp. 2d 116, 127 (D. Mass. 2000); *see also, Jackson v. Salon*, 614 F.2d 15, 17 (1st Cir. 1980)("In denying leave to amend, the district court could properly have decided and apparently did decide that amendment would be futile."). Such motions are also properly denied if the amendment sought would result in undue prejudice to the opposing party. *Abrazinski v. Dubois*, 876 F. Supp. 313, 322 (D.Mass. 1995)(noting "it is well within the court's discretion to deny a motion to amend when prejudice results."); *Picker Int'l v. Leavitt*, 128 F.R.D. 3, 6 (D. Mass. 1989) (noting "issues of prejudice to opposing party, undue delay, bad faith, and futility of proposed amendment " must be considered and justify denying motion to amend complaint).

### IV. ARGUMENT

Allowing Plaintiffs to amend their Complaint in the manner requested would be futile and result in unfair prejudice to the Defendants.

    A.    <u>Plaintiffs' Motion Should Be Denied Because Amendment Would Be Futile</u>

The amendment proposed by Plaintiffs would do nothing more than increase the number of factual allegations asserted by the Plaintiffs. Instead of enumerating or clarifying Plaintiffs' claims, the proposed amendment would further confuse the issues. In addition, the proposed amendment would in no way cure the defects of the Complaint, including issues related to

service, personal jurisdiction, and proper parties, nor do they negate the numerous grounds for dismissal set forth in Defendants' Motion to Dismiss.

One of the grounds for Defendants' Motion to Dismiss is the expiration of the applicable statute of limitations under TILA. Plaintiffs' proposed amendment does not seek to change the date of the loan transaction nor the date of any alleged violations. In fact, in the Memorandum which they seek to incorporate, Plaintiffs admitted that the subject loan(s) were entered into in the summer of 2000. *See* Memorandum at p.2. In their Motion to Dismiss, Defendants argued that the longest statute of limitations under TILA is (3) years and thus, the filing of the initial Complaint in October of 2003 was untimely. *See* Memorandum in Support of Defendants' Motion to Dismiss at pp. 8-9. The proposed amendment would be futile since the Complaint, even if amended to add additional facts, would still be subject to dismissal due to the expiration of the statute of limitations.

William Storie's execution of the Release and Agreement to Participate in Household-Beneficial Settlement ("Release and Agreement") is another ground upon which Defendants moved for dismissal of all claims.[3] *See* Exhibit A. The proposed amendment does not create any valid basis for voiding the release. To the contrary, it provides further support for Defendants' Motion to Dismiss.

In the Memorandum Plaintiffs seek to merge into their Complaint, Plaintiffs admit that Mr. Storie signed the Agreement and Release before commencing suit and that it was sent to him

---

[3] Plaintiff, Maritza Storie, did not sign the release because she was not a party to the loan transaction which forms the basis for the Complaint. As a matter of law, Mrs. Storie lacks standing to pursue the allegations because she was not a party to the loan contracts at issue. *See Hershey v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 317 F.3d 16, 23 (1st. Cir. 2003)("We agree with the district court that [Plaintiff] lacks standing to sue because he is not a party to the contract."); *Durand v. IDC Bellingham, L.L.C.*, 440 Mass. 45, 61 (2003)(noting plaintiffs that "are not a party to the contract . . . have no standing to maintain this action."). Nothing in the documents Plaintiffs wish to incorporate into their Complaint change the fact that Mrs. Storie was not a party to the subject contract and thus, lacks the legal right to pursue any claim arising from said contract.

4

by the Attorney General. *See* Memorandum at p. 5. Plaintiffs do not contend that Defendants coerced them to execute the Release and Agreement and certainly cannot credibly make this claim since: (1) the Attorney General sent the document to Mr. Storie; (2) Mr. Storie had ample opportunity to review the Release and Agreement and to consult with the Attorney General or another attorney of his choosing regarding its terms and effect before signing; (3) Defendants did not have any contact with Mr. Storie regarding the Release and Agreement; and (3) Defendants were not present when he decided to sign the Release and Agreement. Instead, Plaintiffs merely lament the decision to take part in the Attorney General settlement and ask the Court for relief without any basis in fact or law.[4] Specifically, the Plaintiffs state:

> Without knowledge of the specific allegations, Plaintiffs signed a release entering into this class action with Household. Plaintiff has since become more aware of the allegations against Household. After review of the class action allegations and our own particular loan, Plaintiff was astounded at *possible* violations of State and Federal law.

*See* Memorandum at p.2 (emphasis added).

---

[4] Plaintiffs admit Mr. Storie signed the Release and Agreement but claim their decision not to cash the settlement check renders the Release unenforceable. The law is clear, however, that Mr. Storie was bound by the terms of the Release and Agreement when he executed it. *See e.g., Schuster v. Baskin*, 354 Mass. 137, 140 (1968)(holding release was enforceable and "barred recovery" where parties agreed that release was executed and delivered); *Lee v. Allied Sports, Inc.*, 349 Mass. 544, 551(1965) (concluding "the paper [plaintiff] signed as a matter of law effectively released the defendant from liability"); *Segal v. Allied Mut. Liability Ins. Co.*, 285 Mass. 106 (1934)(holding executed releases were binding upon all parties despite one party's desire to renege on settlement agreement). Plaintiffs do not dispute that Mr. Storie executed the Release and Agreement of his own free will on August 23, 2003, and that it was received by the Attorney General and/or settlement administrator on August 26, 2003. *See* Exhibit A and "Received" stamp thereon. By signing the Release and Agreement, Mr. Storie agreed to the terms of the settlement, agreed to release Defendants, did so release them, and acknowledged that he would be receiving a payment in the future, upon Defendants' receipt of the executed Release and Agreement. The Release and Agreement clearly states:

> I/We should like to participate in the settlement and receive a payment . . . By signing below, I/we agree to the following release of legal claims that I/we may have against Household or Beneficial in exchange for the funds I/We will be receiving . . .

The fact that Plaintiffs have chosen not to cash the settlement check has no bearing on the validity and force of the executed release.

5

The fact that Plaintiffs changed their minds after executing the Agreement and Release does not have any effect upon the validity of the settlement or the terms of the Agreement and Release. *See Cormier v. Central Mass. Chapter of the Nat'l Safety Council*, 416 Mass. 286, 288-289 (1993)(holding general release was enforceable absent proof of fraud in the inducement where plaintiff had the opportunity to read it before signing even if plaintiff did not subjectively understand the scope of the release); *Lee supra*, at 551(enforcing release and stating "the rule in this Commonwealth that the failure to read or understand the contents of a release, in the absence of fraud or duress, does not avoid its effects."); *Schuboth v. Beaver Constr. Bldg.*, 2002 Mass. Super. LEXIS 26 (Mass. Super. 2002) ("Unhappiness with the outcome does not invalidate a settlement if the party has expressed her assent to the settlement.").

The language of the general release was unambiguous and sufficiently broad to encompass all claims. In addition, Plaintiffs have admitted that it was executed prior to the commencement of this action. Thus, even if this Court were to grant Plaintiffs' Motion for Modification, the Complaint would still be subject to dismissal due to the terms of the Release and Agreement and the general release language contained therein.

The proposed amendment fails to cure the other deficiencies that form the basis for Defendants' pending Motion to Dismiss. Even if the Complaint were modified pursuant to the Plaintiffs' request, it would still fail to comply with the liberal notice-pleading required by F.R.C.P. 8(a). *See Argument at B, infra* and Memorandum of Law in Support of Defendant's Motion to Dismiss at pp. 10-12 (discussing pleadings requirements). Even if Plaintiffs were allowed to amend their Complaint, Defendants would still be left to guess as to which statutes, other than TILA, and/or common law theories Plaintiffs intend to rely.

Since the form of pleading Plaintiffs proposed does not meet the requirements of the Federal Rules of Civil Procedure, the Complaint would still be subject to dismissal. In addition, the documents Plaintiffs seek to merge with their Complaint do not even address the issues of the lack of personal jurisdiction over the Defendants, lack of proper service upon the Defendants, or the requirements of the valid and enforceable arbitration rider. Accordingly, the proposed amendment would be futile in the face of Defendants' pending Motion to Dismiss.

B.  Plaintiffs' Motion Must Be Denied Because The Proposed Amendment Would Unfairly Prejudice Defendants

Plaintiffs' decision to proceed *pro se* does not justify their failure to comply with the rules of pleadings that apply to all parties, nor does it justify the burden that falls upon the Defendants as a result. *Seaver v. Manduco*, 178 F. Supp. 2d 30, 39 (D. Mass. 2002)(upholding order denying *pro se's* motion to amend in part because it was untimely and not in proper form).[5] According to F.R.C.P. 10(b), "All averments of claim or defense shall be made in *numbered paragraphs*, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances."[6] (emphasis added). Rule 8(e)(1) instructs that every "averment of a pleading shall be simple, concise, and direct." Allowing Plaintiffs to incorporate a 15-page memorandum and transcripts from hearings held in the Superior Court into a Complaint which is already 8 pages long would violate both the letter and spirit of the Federal Rules of Civil

---

[5] The Court also found that the futility of the amendment further justified the lower court's decision to deny the Motion to Amend. *Seaver*, 178 F. Supp. 2d at 39("the [trial] court's determination that this matter should be dismissed as a matter of law would not be altered by any of the new claims made in the amended complaint).

[6] Although the Federal Rules of Civil Procedure govern this removed action, Defendants submit that the Complaint and first amended Complaint, originally filed in the Superior Court, and the proposed second amended Complaint, also fail to meet the requirements of the Massachusetts Rules of Civil Procedure which mirror, in large part, the Federal Rules. *See* Mass. R. Civ. P. 8(a)( "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing the pleader is entitled to relief . . .); Mass. R. Civ. P. 9(b) ("In all averments of fraud, mistake, duress or undue influence shall be stated with particularity."); Mass. R. Civ. P. 10(b)("All averments of claim or defense shall be made in numbered paragraphs, the contents of each which shall be limited as far as practicable to a statement of a single set of circumstances").

Procedure. Instead of crystallizing Plaintiffs' claims, the incorporation of the additional documents would only serve to complicate the issues and render it impossible for Defendants to file a coherent Answer, if necessary.[7]

Defendants would be prejudiced if Plaintiffs are allowed to amend their Complaint as requested since Defendants would be hard-pressed to figure out the proper way to respond to the "allegations" contained in the Memorandum and transcripts. There are no "numbered paragraphs" or even numbered pages in the Memorandum to which Defendants could reasonably respond. Without scrutinizing every single line of the first amended Complaint, Memorandum of Facts, and the various pages of the transcripts, Defendants would not be able to formulate a response at all. However, if Defendants fail to properly respond to each of the "allegations" they run the grave risk of having such allegations deemed admitted. *See* F.R.C.P. 8(d).[8] Since Defendants would be greatly prejudiced if Plaintiffs were allowed to combine the current Complaint, the Memorandum of Facts, and the transcript pages into a second amended Complaint, Plaintiffs' Motion should be denied.[9]

---

[7] Although Defendants believe their Motion to Dismiss must be granted upon the grounds asserted therein, in the event the Motion is denied, Defendants will be required to respond to the Complaint.

[8] Rule 8(d) is entitled "Effect of Failure to Deny" and states: "Averments in a pleading to which a responsive pleading is required, other than those as to the amount of damage, are admitted when not denied in the responsive pleading."

[9] Defendants have already incurred substantial defense costs associated with the manner in which Plaintiffs have proceeded and would incur considerable additional fees associated with responding appropriately to the amended Complaint the Plaintiffs have proposed.

IV. CONCLUSION

For the reasons set forth above, Defendants, Household International, INC. and Beneficial Finance Corp., respectfully request that Plaintiffs' Motion for Complaint Modification be denied.

                                              Defendants,
                                              Household International, INC. and
                                              Beneficial Finance Corp.,
                                              By their Attorneys,
                                              Shechtman Halperin Savage, LLP,

                                              _____
                                              Preston W. Halperin BBO# 218170
                                              Christine L. DeRosa BBO# 641171
                                              86 Weybosset Street
                                              Providence, RI 02903
                                              (401) 272-1400

**Certificate of Service**

I certify that the within Memorandum of Law in Support of Defendants' Objection to Plaintiffs' Motion for Complaint Modification was served upon the following *pro se* Plaintiffs by first class mail, postage prepaid, on February 13, 2004:

William A. and Maritza Storie
59 Crawford Road
Oakham, MA 01068

                                              _____
                                              Christine L. DeRosa, Esquire





Thomas F. Reilly
Attorney General, Commonwealth of Massachusetts
C/O Household-Beneficial Settlement Administrator
PO Box 3775
Portland, OR 97208-3775

State Account Code: MA
Account No: 52172117506554

```
2380   23900301763    00000
WILLIAM A STORIE
59 CRAWFORD RD
OAKHAM MA 01068-9736
```

## PLEASE READ THE ENCLOSED LETTER FROM ATTORNEY GENERAL THOMAS F. REILLY FIRST

### RELEASE AND AGREEMENT TO PARTICIPATE IN HOUSEHOLD - BENEFICIAL SETTLEMENT

TO PARTICIPATE IN THIS SETTLEMENT AND RECEIVE A PAYMENT, YOU MUST PRINT YOUR NAME, SIGN THE RELEASE BELOW, AND RETURN THIS PAGE IN THE ENVELOPE PROVIDED, POSTMARKED NO LATER THAN OCTOBER 14, 2003. ALSO, PLEASE KEEP A COPY OF THIS FORM FOR YOUR RECORDS.

The minimum payment you would receive from this settlement is $ 285.91

I/We would like to participate in the settlement and receive a payment ("restitution") of at least the amount listed above. By signing below, I/we agree to the following release of legal claims that I/we may have against Household or Beneficial in exchange for the funds I/we will be receiving:

In consideration for the restitution payment received, I/we hereby release Household from all civil claims and causes of action which I/we may have as of the date of this release agreement, in contract, in tort (including, but not limited to, personal injury and emotional distress), in statute, regulation or common law, and whether in an administrative or judicial proceeding, whether known or unknown, threatened or unasserted, that arise from or are related to the restitution received or the following lending practices by Household in connection with the above-referenced account numbers for my real estate secured loans originated by Household's retail branches from January 1, 1999 through September 30, 2002: Household's conduct with respect to multiple real estate secured loans that are made at or near the same date to the same Borrower (i.e., "split loans"), loan points and origination fees, interest rates, monthly payment amounts, single premium credit and other insurance products, prepayment penalties, loans offered through a negotiable check (i.e., "live checks"), home equity lines of credit, loan billing practices relating to simple interest calculations, balloon payments, payoff information, non English language documentation, and net tangible benefit in loan refinancing. Notwithstanding this release, I/we may affirmatively or defensively assert any claim or defense that I/we have with respect to my loan with Household in response to a judicial or threatened non-judicial foreclosure, including those related to the lending practices listed in this release. However, I/we agree that the otherwise released claims cannot form the basis for an affirmative monetary recovery to me against Household. For purposes of this release, "Household" means Household International, Inc., Household Finance Corporation, Beneficial Corporation, and their direct and indirect subsidiaries, affiliates, officers, directors, employees, agents, related entities, successors, and assigns.

PLEASE PRINT THE FULL NAME WHERE PROVIDED, AND SIGN IN THE SIGNATURE BLOCK:

First Borrower: WILLIAM  [First]   [Last]  A [MI]

Phone:  Date:

E-Mail:

First Signature: William [signature]

Second Borrower: [First] [Last] [MI]

Phone:  Date:

E-Mail:

Second Signature:

Form HD703

*BORROWER COPY* (watermark)