UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE
2004 FEB 27 A 8:22
U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM A. & MARITZA STORIE,
Plaintiffs,

VS.

HOUSEHOLD INTERNATIONAL, INC.,
BENEFICIAL FINANCE CORP.,
Defendants.

No. 03-40268-NMG

**MEMORANDUM OF LAW IN REPLY TO DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR COMPLAINT MODIFICATION**

Plaintiffs, William A. and Maritza Storie, *pro se*, hereby submit this Memorandum of Law in Reply to Defendants' Memorandum of Law in Support of Defendant's Objection to Plaintiffs' Motion for Complaint Modification (Defendants' Objection).

## I. Introduction

Defendants' Objection, ¶ 2, states, "Since none of the facts alleged in the Memorandum or the transcripts are sufficient to cure the deficiencies in the Complaint or to defeat the Defendants' Motion to Dismiss, the requested amendment would be futile." Plaintiffs strongly disagree and will show, as a matter of law, the request should be granted. Since the initial Amended Complaint was filed there has been **new information discovered**, which should allow this Motion to be granted. This information was set forth in Plaintiff's "Statement of Facts". In the initial hearing on 11/7/03 Plaintiffs clearly stated claims, which included citing M.G.L. 93A Consumer Protection Law

Violations. Law should support, at minimum, the allowance of Plaintiff's, "Statement of Facts". Plaintiffs will pray on this Federal Courts' desire to know the true facts of this case to allow the Worcester Superior Courts' transcripts as part of Plaintiffs' initial amended complaint. Plaintiffs contend that by Defendants' continued claims that Plaintiffs have made "vague assertions" and it is "unclear as to the nature of Plaintiffs' claims", Defendants have brought this motion upon themselves through there implied desire to have some clarification of Plaintiffs' claims. Further, Plaintiffs' Statement of Facts hits to the heart of evidence of fraud in the inception of the loan and shows clear violations in law in the request for payoff information of the loan in October, 2004. Plaintiffs' Statement also shows clear altering and omission of Federal HUD documents withholding key disclosures from Plaintiffs regarding the total costs of their loan over the 15-year term.

**II. Procedural Background**

Plaintiffs' strategy from the start of this action has been to offer Defendants and the Courts evidence to support this claim as quickly as possible. Since the filing of Plaintiffs', "Amended Complaint" there have been several new revelations discovered to further support Plaintiffs' claims. On 2/9/04 Plaintiffs, William A. and Maritza Storie, filed a Motion with this Federal Court requesting their initial amended complaint include a "Statement of Facts", filed with the Worcester Superior Court on 11/1803, as well as "Court Transcripts" of two hearings that took place on 11/7/03 and 11/21/03 before Worcester Superior Court Justice, Tina Page. From the 11/7/03 hearing Plaintiffs were granted a preliminary injunction presumably due to initial merits of the claims. On 11/13/03 Defendant's filed a "Memorandum of Law in Support of Defendants' Objection

to Plaintiff's Application for Preliminary Injunction." Plaintiffs responded with their "Statement of Facts" on 11/18/03, in support of Plaintiffs' request for "Permanent Injunction". This Statement of Facts included significant evidence regarding claims, clarification of claims, and information regarding **new findings** to support Plaintiffs' Claims and Allegations.

## II. Applicable Standards

Plaintiffs' Motion for Complaint Modification is accurately viewed as a motion to amend pursuant to F.R.C.P. 15 (a)(b)(d). According to F.R.C.P. 15 (a) "justice so requires". According to F.R.C.P. (b), "Amendments to Conform to the Evidence",

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. **Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment**; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice the party in maintaining the party's action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."(Emphasis Added)

The strongest argument is expressed in the F.RC.P. (d), "Supplemental Pleadings.",

> **"Upon motion of a party the court may, upon reasonable notice and upon such terms as are just, permit the party to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented.** Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense. If the court deems it advisable that the adverse party plead to the supplemental pleading, it shall so order, specifying the time therefor." (Emphasis Added).

Plaintiffs will show how new and crucial evidence was discovered after the amended complaint was filed. Further support for Plaintiffs Statement of Facts to be included exists in F.R.C.P. 15 (c)(3),

> "the amendment **changes the party or the naming of the party against whom a claim is asserted if the foregoing provision** (2) is satisfied and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) **knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party**."(Emphasis added).

Plaintiffs' Statement of Facts named Beneficial Finance "Massachusetts" as a Defendant in the claim, although by law, this argument appears mute. Plaintiffs argue that clear Fraud is alleged and is clearly described in the Statement of Facts, which could greatly alter this Federal Courts' opinion regarding the validity of the Arbitration Agreement, the General Release, and Defendants' Motion to Dismiss.

Further, Plaintiffs Statement of Facts describes significant **ambiguity** in the General Release signed regarding the class action settlement, which Plaintiffs timely and appropriately have opted out as per the conditions of the release. Plaintiffs' Statement of Facts, § II, ¶ 10 quotes a very ambiguous sentence from the general release, "If you choose to **accept the settlement payment,** you must agree not to sue Household or Beneficial…". Plaintiffs clearly show in the Statement of Facts how they intervened and did **not "accept the settlement payment".** (Emphasis added)

## III. Argument

Allowing Plaintiffs to amend their complaint in the manner requested would be detrimental to the case.

A. Plaintiffs' Motion should be granted due to substantial new evidence being discovered after initial amended complaint

After Plaintiffs amended complaint was filed the following was discovered as detailed in the Plaintiffs' Statement of Facts § II, ¶ 8, See Ex. A.

> "Plaintiffs feel the following may be the most significant indication that Household acted in "**willful**" and "**knowing**" violations of State and Federal Consumer Protection Laws. Plaintiffs received copies of all documents upon entering into this loan, we believed. One of the documents was the "HUD – Settlement Agreement". This form, upon further inspection on **November 15, 2003**, did not appear complete, as "page 1 of 1" was nearly empty. CO-plaintiff William Storie located this document on the Internet to find Key Disclosures were either omitted from the document, or from the copies given to Plaintiffs. See Ex. I. "HUD Settlement Agreement". Sections J, "Summary of Borrower's Transaction" and K "Amounts paid by or in Behalf of Borrower" were not included on two separate forms given to Plaintiffs. U.S.C. 15 chap. 41, Subchapter I, Part A Sec. 1604 (a,b). The form should look similar to the following, See Ex. J. This material misrepresentation also appears to be "willful" and "knowing" violations of the law." (Emphasis added).

While reading Defendants' "Memorandum of Law" filed on 11/13/03, Plaintiffs were offered further startling evidence by Beneficial/Household, which Plaintiffs describe in their Statement of Facts, § II, ¶ 7; See Ex. B.

> "As further evidence of Household's **current** misleading and fraudulent practices Plaintiffs respectfully ask the court to compare Defendant's "Payoff" information against Plaintiffs copy of the "Payoff" information. See Defendant's Ex. E and See Plaintiff's Ex. H, from: "Payoff Department". **The two forms are clearly different** and the copy sent to Plaintiff leaves out important disclosure regarding signatures needed to "cancel the credit line". Further, if this is not signed, Household will not close the credit line nor release the lien on secured property. None of this information was on the Plaintiff's copy. **Nowhere in the agreement sent to Plaintiffs was there anywhere to sign nor was this disclosed.** This may be in violation of M.G.L. UCC Chapter 106: Section 2-515, U.S.C. 15 chap. 41 Sub I Part A, and M.G.L. 93A. **The document was clearly changed** from what was sent to Plaintiff. This would also appear to be a "willful" and "knowing" violation of TILA, and other consumer protection laws. This process and the lack of this disclosure makes refinancing extremely problematic." (Emphasis added).

B. Evidence provided by Plaintiffs in their Statement of Facts transcends those actions by Defendants protected in the General Release, which also does not include "Willful" and "Knowing" Fraud allegations.

The General Release signed by Plaintiff is extremely confusing to understand and beyond ambiguity is also unfair. The release absolves Household in part from "conduct with respect to... home equity lines of credit", which should not be protected by the provisions of the Home Ownership Equity Protection Act, 1994, (HOEPA). However, most of the other infractions, i.e. "origination fees", "prepayment fees", "balloon payments", and "net tangible benefit in loan refinancing" fall under the provisions of the HOEPA regulations. Plaintiffs contend that again, Household cannot have it both ways. They cannot be allowed to continue to protect themselves regarding a "Home Equity Lines of credit" (HELOC), when it is not, in fact or by law, a HELOC at all. This appears to be a clear "misnomer" in the General Release. Plaintiffs are taking this action precisely due to the loan **NOT** being a HELOC. This is further ambiguity in the General Release and should be subject to the courts' scrutiny. Ambiguity exists in a General Release Contract where "an agreements' terms are inconsistent on their face or where the phraseology can support reasonable difference of opinion as to the meaning of the words employed and the obligations undertaken." Fashion House, Inc. v. K Mart Corp., 892 F.2d. 1076, 1083 (1st Cir. 1989). Further, "In interpreting a contract, the courts must construe all words that are plain and free from ambiguity according to their usual and ordinary sense. Morse v. Boston, 260 Mass. 255, 262 (1927). See Ex. C.

IV. **Conclusion**

For the reasons set forth above, as well as Defendants' implied request for clarity in Plaintiffs' "Assertions" and "Claims", Plaintiffs request their Motion for Complaint Modification be granted.

Plaintiffs, *pro se*

William A. Storie,

Maritza Storie,
59 Crawford Rd.
Oakham, MA 01068
508-882-3810

**Certificate of Service**

I certify that the within Memorandum of Law in reply to Defendants' Objection to Plaintiffs' Motion for Complaint Modification was served upon the following counsel for Defendants, Household International, INC. and Beneficial Finance Corp., by USPS priority mail on February 27, 2004.

Schechtman Halperin Savage, LLP
Christine L. DeRosa
86 Weybosset Street
Providence, RI 02903

William A Storie
59 Crawford Road
Oakham, MA 01068



## NOTICE REGARDING LOAN SETTLEMENT STATEMENT AND LOAN VOUCHER OR TRUTH IN LENDING DISCLOSURE

Borrower(s) acknowledge(s) that the disbursement amounts stated on the Settlement Statement and Revolving Loan Voucher or Truth in Lending Disclosure given at the closing are estimates based on figures that are known at the time of the closing. The actual disbursement amounts, as stated on the Revolving Loan Voucher or Truth in Lending Disclosure given at the time of funding, may reflect changes due to updated payoff figures or the subsequent voluntary purchase of ancillary products provided at the time of funding.

Settlement Statement
Optional Form for
Transactions without Sellers

U.S. Department of Housing and Urban Development (Page 2 of 2)

| | |
|---|---|
| Name and Address of Borrower:<br>WILLIAM A. STORIE<br>59 CRAWFORD ROAD<br>OAKHAM, MA 01068 | Name and Address of Lender:<br>BENEFICIAL MASSACHUSETTS INC<br>72 MADISON STREET<br><br>WORCESTER, MA 01608 |
| Property Location (If different than above): | Settlement Agent: ● Lender ○ Other |
| | Place of Settlement: 72 MADISON STREET |
| Loan Number: 52172117506554 | Settlement Date: 08/23/2000 |

| L. SETTLEMENT CHARGES | | |
|---|---|---|
| **800. ITEMS PAYABLE IN CONNECTION WITH LOAN:** | | |
| 801. Loan Origination Fee ("Closing Costs"): 5.00 % | 1850.00 | 1,850.00 |
| 802. Loan Discount Fee ("Points"): % | | |
| 803. Appraisal Fee To: INTEGRATED REAL ESTATE | | 310.00 |
| 804. Credit Report To: | | |
| 805. Inspection Fee To: | | |
| 806. Mortgage Insurance Application Fee To: | | |
| 807. Mortgage Broker Fee To: | | |
| 808. Document Preparation Fee | | |
| 809. Application Fee % | | |
| 810. ANNUAL FEE | | 50.00 |
| 811. | | |
| **900. ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE:** | | |
| 901. Invest From To @ $ Per Day | | |
| 902. Mortgage Insurance Premium For Months To | | |
| 903. Hazard Insurance Premium For Year(s) To | | |
| 904. | | |
| **1000. RESERVES DEPOSITED WITH LENDER:** | | |
| 1001. Hazard Insurance Months @ $ Per Month | | |
| 1002. Mortgage Insurance Months @ $ Per Month | | |
| 1003. City Property Taxes Months @ $ Per Month | | |
| 1004. County Property Taxes Months @ $ Per Month | | |
| 1005. Annual Assessments Months @ $ Per Month | | |
| 1006. Months @ $ Per Month | | |
| 1007. Months @ $ Per Month | | |
| 1008. Months @ $ Per Month | | |
| **1100. TITLE CHARGES** | | |
| 1101. Settlement Or Closing Fee ("Escrow Fee") To: | | |
| 1102. Abstract Or Title Search To: | | |
| 1103. Title Examination To: INTEGRATED REAL ESTATE | | 175.00 |
| 1104. Title Insurance Binder To: | | |
| 1105. Document Preparation To: | | |
| 1106. Notary Fees To: | | |
| 1107. Attorney's Fees To: (Includes Above Item Numbers ) | | |
| 1108. Title Insurance To: (Includes Above Item Numbers ) | | |
| 1109. Lender's Coverage $ | | |
| 1110. Owner's Coverage $ | | |
| 1111. | | |
| 1112. | | |
| 1113. | | |
| **1200. GOVERNMENT RECORDING AND TRANSFER CHARGES:** | | |
| 1201. Recording Fees: Mortgage/Deed of Trust $ 20.00 Release $ | | 20.00 |
| 1202. City/County Tax/Stamps: $ | | |
| 1203. State Tax/Stamps $ | | 0.00 |
| 1204. | | |
| 1205. | | |
| **1300. ADDITIONAL SETTLEMENT CHARGES:** | | |
| 1301. Survey To: | | |
| 1302. Pest Inspection To: | | |
| 1303. Architectural/Engineering Services To: | | |
| 1304. Building Permit To: | | |
| 1305. | | |
| 1306. | | |
| 1307. | | |
| **1400. TOTAL SETTLEMENT CHARGES (Enter On Line 1602)** | | 2,405.00 |

| M. DISBURSEMENT TO OTHERS | |
|---|---|
| 1501. BENEFICIAL ACCT #521721-00-527397 | 4,713.43 |
| 1502. CHASE NA | 3,304.00 |
| 1503. DISCOVER CARD | 5,416.00 |
| 1504. FORD MOTOR | 16,983.00 |
| 1505. HOMED / MBGA | 1,266.00 |
| 1506. SEARS | 995.00 |
| 1507. SPENCER SAVINGS | 255.00 |
| 1508. | |
| 1509. | |
| 1510. | |
| 1511. | |
| 1512. | |
| 1513. | |
| 1514. | |
| 1515. | |
| 1520. TOTAL DISBURSED (Enter On Line 1603) | 32,932.43 |
| **N. NET SETTLEMENT** | |
| 1600. LOAN AMOUNT<br>RL= Initial Advance (includes line 1400)<br>CE= Principal Loan Amount | $38,900.00 |
| 1601. Plus Cash/Check From Borrower | |
| 1602. Minus Total Settlement Charges (Line 1400) | $2,405.00 |
| 1603. Minus Total Disbursement To Others (Line 1520) | $32,932.43 |
| 1604. Equals Disbursement To Borrower (After Expiration Of Any Applicable Rescission Period Required By Law) | $3,562.57 |

Borrower's Signature ____________________

Date: ____________________

Borrower's Signature ____________________

Date: ____________________

Lender: ____________________



BENEFICIAL FINANCIAL CORPORATION

Date: 10/27/2003

From: Payoff Department

Attn: WILLIAM STORIE
59 CRAWFORD RD.
OAKHAM, MA 01068

Ref: WILLIAM STORIE
Acct: 52172117506554

The amount to payoff the above-referenced account in full, is as follows:

| | |
|---|---|
| Payoff Balance (Principal + Interest): | $36,824.96 |
| PrePayment Penalty: | $0.00 |
| Reconveyance/Releasing Fee: | $75.00 |
| Other Fees: | $0.00 |
| Total Amount Due: | $36,899.96 * |
| Good Until: | 10/31/2003 |
| Per Diem: | $13.79 |

The above payoff quote is subject to a final audit. The payoff quote does not waive our rights to receive any funds, which are due and owing on this account as a result of any subsequent adjustments, which may include but are not limited to recent advances, returned items and additional fees. Additionally, we will not release any security interest until the account is paid in full.

Please reference our account number and issue a check for: $36,899.96 to BENEFICIAL FINANCIAL CORPORATION for the payoff. Please forward the payoff to the address indicated below.

For Regular Mail:
BENEFICIAL FINANCIAL CORPORATION
Attn: Payoff Department
P.O. Box 88000
Baltimore, MD 21288

For Overnight Mail:
BENEFICIAL FINANCIAL CORPORATION
Attn: Payoff Department
1352-A Charwood Road
Hanover, MD 21076

If necessary, refer to the information contained in the credit bureaus for verification of this account. BENEFICIAL FINANCIAL CORPORATION reports to each of the three major credit bureaus every 30 days: Trans Union, Experian, and Equifax.

* Note: If your loan contains one or more credit insurance products for which refunds are entitled, the net payoff amount includes all related refunds due.

Date: 10/27/2003

From: Payoff Department

Attn: WILLIAM STORIE
59 CRAWFORD RD.
OAKHAM, MA 01068

Ref: WILLIAM STORIE
Acct: 52172117506554

The amount to payoff the above-referenced account in full, is as follows:

| | |
|---|---|
| Payoff Balance (Principal + Interest): | $36,824.96 |
| PrePayment Penalty: | $0.00 |
| Reconveyance/Releasing Fee: | $75.00 |
| Other Fees: | $0.00 |
| Total Amount Due: | $36,899.96 * |
| Good Until: | 10/31/2003 |
| Per Diem: | $13.79 |

The above payoff quote is subject to a final audit. The payoff quote does not waive our rights to receive any funds, which are due and owing on this account as a result of any subsequent adjustments, which may include but are not limited to recent advances, returned items and additional fees. Additionally, we will not release any security interest until the account is paid in full.

Please reference our account number and issue a check for: $36,899.96 to Household Finance for the payoff. Please forward the payoff to the address indicated below.

For Regular Mail:
Household Finance/Household Bank
Attn: Payoff Department
P.O. Box 88000
Baltimore, MD 21288

For Overnight Mail:
Household Finance/Household Bank
Attn: Payoff Department
1352-A Charwood Road
Hanover, MD 21076

If the credit line is to be cancelled, please sign below and include this letter with your payment. We will forward the necessary documents to the Trustee/County Recorder's office to release our lien within thirty days after the account is paid in full.

Please cancel my credit line. Unless signed authorization to cancel the credit line is received, the line will remain open and we will not release the lien.

Signature: ______________________________ Date:__________

Signature: ______________________________ Date:__________

* Note: If your loan contains one or more credit insurance products for which refunds are entitled, the net payoff amount includes all related refunds due.



Thomas F. Reilly
Attorney General, Commonwealth of Massachusetts
C/O Household-Beneficial Settlement Administrator
PO Box 3775
Portland, OR 97208-3775

State Account Code: MA
Account No: 52172117506554

WILLIAM A STORIE
59 CRAWFORD RD
OAKHAM MA 01068-9736

# PLEASE READ THE ENCLOSED LETTER FROM ATTORNEY GENERAL THOMAS F. REILLY FIRST

## RELEASE AND AGREEMENT TO PARTICIPATE IN HOUSEHOLD - BENEFICIAL SETTLEMENT

TO PARTICIPATE IN THIS SETTLEMENT AND RECEIVE A PAYMENT, YOU MUST PRINT YOUR NAME, SIGN THE RELEASE BELOW, AND RETURN THIS PAGE IN THE ENVELOPE PROVIDED, POSTMARKED NO LATER THAN OCTOBER 14, 2003. ALSO, PLEASE KEEP A COPY OF THIS FORM FOR YOUR RECORDS.

**The minimum payment you would receive from this settlement is $ 285.91.**

I/We would like to participate in the settlement and receive a payment ("restitution") of at least the amount listed above. By signing below, I/we agree to the following release of legal claims that I/we may have against Household or Beneficial in exchange for the funds I/we will be receiving:

In consideration for the restitution payment received, I/we hereby release Household from all civil claims and causes of action which I/we may have as of the date of this release agreement, in contract, in tort (including, but not limited to, personal injury and emotional distress), in statute, regulation or common law, and whether in an administrative or judicial proceeding, whether known or unknown, threatened or unasserted, that arise from or are related to the restitution received or the following lending practices by Household in connection with the above-referenced account numbers for my real estate secured loans originated by Household's retail branches from January 1, 1999 through September 30, 2002: Household's conduct with respect to multiple real estate secured loans that are made at or near the same date to the same Borrower (i.e., "split loans"), loan points and origination fees, interest rates, monthly payment amounts, single premium credit and other insurance products, prepayment penalties, loans offered through a negotiable check (i.e. "live checks"), home equity lines of credit, loan billing practices relating to simple interest calculations, balloon payments, payoff information, non English language documentation, and net tangible benefit in loan refinancing. Notwithstanding this release, I/we may affirmatively or defensively assert any claim or defense that I/we have with respect to my loan with Household in response to a judicial or threatened non-judicial foreclosure, including those related to the lending practices listed in this release. However, I/we agree that the otherwise released claims cannot form the basis for an affirmative monetary recovery to me against Household. For purposes of this release, "Household" means Household International, Inc., Household Finance Corporation, Beneficial Corporation, and their direct and indirect subsidiaries, affiliates, officers, directors, employees, agents, related entities, successors, and assigns.

PLEASE PRINT THE FULL NAME WHERE PROVIDED, AND SIGN IN THE SIGNATURE BLOCK:

First Borrower: WILLIAM (First) A (MI)
STORIE (Last)
Phone: Date
E-Mail:

**BORROWER COPY**

First Signature: William A. S[illegible]

Second Borrower: (First) (MI)
(Last)
Phone: Date
E-Mail:
Second Signature:

Form H0703