UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

WILLIAM A. & MARITZA STORIE,
    Plaintiffs,

VS.                                                No. 03-40268-NMG

HOUSEHOLD INTERNATIONAL, INC.,
BENEFICIAL FINANCE CORP.,
    Defendants.

## MOTION FOR LEAVE TO FILE RESPONSE OF REPLY DUE TO DEFENDENTS' PRESENTING MATERIALLY FALSE AND MISLEADING EVIDENCE IN MOTION TO DISMISS AND NOTICE OF REMOVAL

Plaintiffs, William A. & Maritza Storie, pro se, respectfully submit this motion to inform this Federal Court that on two separate occasions further false and misleading evidence has been provided by Defendants, Beneficial "Massachusetts"/Household International, "Defendants". Plaintiffs are feeling further victimized by the ongoing tactics of Defendants and ask the court to impose the harshest penalties for Defendants ongoing behavior regarding this case. Further, Plaintiffs ask the court accept the evidence attached as legal and purposeful in their case against Defendants, See Ex. A

### I.  Introduction

Co-Plaintiff, William A Storie obtained a certified copy of the mortgage involved in this action from the Worcester Registry of Deeds on 3/10/04. Plaintiffs were stunned to see the information provided to this Federal Court by Defendants as true and accurate was materially inaccurate on several levels.

**II.  Procedural Background**

On 11/24/03 Defendants filed a "Notice of Removal" from State court to this United States District Court. In this notice Defendants provided what was thought to be an accurate copy of Plaintiffs Mortgage. On 1/12/04 Defendants provided a "Memorandum of Law in Support of Defendants' Motion to Dismiss, or in the Alternative, Motion to Compel Arbitration and Stay Litigation Pending Arbitration". In this Memorandum Defendants' Exhibit B, was also thought to be an accurate copy of Plaintiffs Mortgage.

**III.  Factual Information**

In Defendants' Notice of Removal and Memorandum the following material inaccuracies and misrepresentations exist.

    A.    **Defendants mislead this Federal Court and Plaintiffs regarding the Term of the Loan.**

In Defendants' exhibits the mortgage shows no **term** when in fact the copy filed with the registrar shows a term of "180 months". This is also the term that Plaintiffs were informed when the loan was fraudulently sold to Plaintiffs. Plaintiffs contend that this information has been altered since the accurate information supports Plaintiffs' Claim that this loan is actually an "installment loan", "close-ended", and subject to Home Ownership and Equity Protection Act Provisions as set forth in Plaintiffs' prior motions. Clearly a current TILA Violation and violation of Massachusetts Chapter 93A Consumer Protection Laws also. This action exposes further blatant willful and knowing fraud as well as alteration of legal documents.

    B.    **Defendants mislead Federal Courts and Plaintiffs in regards to "Periodic due Dates" for payments.**

The actual mortgage document filed in the Worcester Registry of deeds shows that payments are to made on the 24th of each month. Defendants present on two occasions that payments are to be

made on the 11th of each month. This is materially inaccurate and misleading information. Plaintiffs assert this was done as to cover inaccurate information in what has been reported to credit agencies regarding late payments regarding Plaintiffs' loan. There are several 30 & 60 plus late day payments that have been assessed to Plaintiffs' credit that are disputable. This has harmed Plaintiffs credit significantly. Plaintiffs assert that Defendants intentionally damaged Plaintiffs credit for one of two reasons or both. 1.) The likelihood of Plaintiffs being able to refinance this loan along with their first mortgage is greatly diminished following the damage done by Plaintiffs inaccurate reporting to Credit Bureaus. 2.) Possible refinancers will look immediately to a poor credit report for a rejection in refinancing prior to learning that the loan was obtained by predatory means, therefore making it illegal to refinance the loan. It is in violation of Federal Regulations to refinance a loan obtained through predatory lending practices.

### C. The rate of interest is not included in the actual mortgage listed at the Worcester Registry of Deeds.

The rate of interest of this loan was not included in the certified copy of the Mortgage obtained on 11/10/04. The rate of 14% is included in both Defendants' Notice of Removal and Motion to Dismiss. Plaintiffs know this is wrong but are presently not able to make a determination of what gain or evasion may be the reason for this altering of information of a legal document.

## IV. ARGUMENT

Plaintiffs will provide any Memorandum of Law necessary upon the Federal Courts request regarding this finding and motion. Plaintiffs feel the evidence speak for itself as to the depths Defendants have gone regarding this loan. Plaintiffs have been compromised enough navigating through an unknown legal system regarding their conviction to argue this case.

Plaintiffs feel this behavior may warrant criminal action against Defendants and will allow the courts the decision and recommendation that a State or Federal District Attorney be asked to investigate this situation. Plaintiffs are feeling repeatedly victimized by Defendants and ask the Courts for the harshest of penalties regarding this behavior by Defendants.

## V.   Conclusion

For the reasons stated above Plaintiffs will request that this Federal Court make the appropriate determinations and judgements regarding this matter. At minimum, Plaintiffs request that Defendants Motion to Dismiss be denied on this information alone.


Plaintiffs,
William A. and Maritza Storie,

*Pro Se*

_____

_____
59 Crawford Road
Oakham, MA 01068

## CERTIFICATE OF SERVICE

I certify that the within Motion For Leave To File Response of Reply Due to Defendants' Presenting Materially False And Misleading Evidence In Motion To Dismiss And Notice Of Removal was served upon the following attorneys representing Defendants by USPC Priority Mail on March 11, 2004:

Defendants,
Household International, INC. and
Beneficial Finance Corp.,
To their Attorneys,
Shechtman, Halperin Savage, LLP
Attorney Christine DeRosa
86 Weybosset Street
Providence, RI 02903
(401) 272-1400

_____
William A Storie,



Return To:
Records Processing Services
577 Lamont Road
Elmhurst, IL 60126

102440    BK22936PG196

521721-17-506554

# MORTGAGE

[X] IF BOX IS CHECKED, THIS MORTGAGE SECURES FUTURE ADVANCES.

THIS MORTGAGE is made this  24TH  day of  AUGUST  20 00 , between the Mortgagor,
WILLIAM A. STORIE AND MARITZA STORIE, HUSBAND AND WIFE

(herein "Borrower"), and Mortgagee  BENEFICIAL MASSACHUSETTS INC.,
a corporation organized and existing under the laws of  DELAWARE  whose address is
72 MADISON STREET, WORCESTER, MA 01608
(herein "Lender").

The following paragraph preceded by a checked box is applicable.

[ ]   WHEREAS, Borrower is indebted to Lender in the principal sum of $ _____,
evidenced by Borrower's Loan Agreement dated _____ and any extensions or renewals thereof
(including those pursuant to any Renegotiable Rate Agreement) (herein "Note"), providing for monthly installments of
principal and interest, including any adjustments to the amount of payments or the contract rate if that rate is variable,
with the balance of the indebtedness, if not sooner paid, due and payable on _____;

[X]   WHEREAS, Borrower is indebted to Lender in the principal sum of $ 37,000.00 , or so much thereof
as may be advanced pursuant to Borrower's Revolving Loan Agreement dated  AUGUST 24, 2000  and
extensions and renewals thereof (herein "Note"), providing for monthly installments, and interest at the rate and under
the terms specified in the Note, including any adjustments in the interest rate if that rate is variable, and providing for a
credit limit stated in the principal sum above and an initial advance of $ 38,900.00 ;

TO SECURE to Lender the repayment of (1) the indebtedness evidenced by the Note, with interest thereon,
including any increases if the contract rate is variable; (2) future advances under any Revolving Loan Agreement; (3) the
payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage;
and (4) the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage,
grant and convey to Lender and Lender's successors and assigns the following described property located in the County of
WORCESTER                                   State of Massachusetts:

```
THE LAND IN OAKHAM, WORCESTER COUNTY, MASSACHUSETTS LYING ON
THE EASTERLY SIDE OF THE NORTH BROOKFIELD- OAKHAM ROAD BEING
SHOWN ON A PLAN ENTITLED, 'PLAN OF LAND IN OAKHAM, MASS.,
OWNED BY ROSCOE CRAWFOR, JUNE 3, 1985, THEODORE P. DRAZEK,
R.L.S., NORTH BROOKFILED', WHICH PLAN IS RECORDED WITH THE
WORCESTER DISTRICT REGISTRY OF DEEDS IN PLAN BOOK 292, PLAN
70, AND BEING BOUNDED AND DESCRIBED AS FOLLOWS:
BEGINNING AT THE NORTHWESTERLY CORNER OF THE PREMISES TO BE
CONVEYED HEREIN AT AN IRON PIN IN THE EASTERLY LINE OF THE
SAID NORTH BROOKFIELD- OAKHAM ROAD, SAID POINT BEING 200
FEET SOUTHWESTERLY, MEASURED ALONG THE EASTERLY LINE OF SAID
NORTH BROOKFIELD- OAKHAM ROAD FROM A STONE BOUND AT LAND NOW
OR FORMERLY OF METROPOLITAN WATER COMMISSION;
THENCE FROM THE POINT OF BEGINNING AS DEFINED ABOVE S. 80°
45' E. BY LAND NOW OR FORMERLY OF RONALD W. WILKINS, 225.45
FEET TO AN IRON PIN AT LAND NOW OR FORMERLY OF ROSCOE
CRAWFORD;
THENCE S. 23° 5' W. BY LAND OF SAID ROSCOE CRAWFORD, NOW OR
FORMERLY, 449.33 FEET TO AN IRON PIN AT LAND NOW OR FORMERLY
OF SIMON CRAWFORD;
THENCE S. 88° 15' W. BY LAND OF SAID SIMON CRAWFORD NOW OR
FORMERLY, 226.92 FEET TO AN IRON PIN IN THE EASTERLY LINE OF
SAID NORTH BROOKFIELD- OAKHAM ROAD;
THENCE N. 20° 15' E. BY THE EASTERLY LINE OF SAID ROAD,
229.70 FEET TO A POINT;
THENCE N. 22° 45' E. STILL BY THE EASTERLY LINE OF SAID ROAD
261.20 FEET TO THE POINT OF BEGINNING.
CONTAINING 2.33 ACRES OF LAND, MORE OR LESS.
```

CONTINUED ON ATTACHED EXHIBIT A

00 AUG 28 PM 2:32

which has the address of  59 CRAWFORD RD,                                   OAKHAM
                                    (Street)                                  (City)
Massachusetts 01068 _____ (herein "Property Address");

01-01-00 MTG

MA001241

*S05OA748DP95MTGS000MA0012410**STORIE*    ORIGINAL

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."

This mortgage is upon the Statutory Condition, for any breach of which the Lender shall have the STATUTORY POWER OF SALE.

Borrower covenants that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note, including any variations resulting from changes in the contract rate.

2. **Funds for Taxes and Insurance.** Subject to applicable law or waiver by Lender, Borrower shall pay to Lender on the day monthly payments of principal and interest are payable under the Note, until the Note is paid in full, a sum (herein "Funds") equal to one-twelfth of the yearly taxes and assessments (including condominium and planned unit development assessments, if any) which may attain priority over this Mortgage and ground rents on the Property, if any, plus one-twelfth of yearly premium installments for hazard insurance, plus one-twelfth of yearly premium installments for mortgage insurance, if any, all as reasonably estimated initially and from time to time by Lender on the basis of assessments and bills and reasonable estimates thereof. Borrower shall not be obligated to make such payments of Funds to Lender to the extent that Borrower makes such payments to the holder of a prior mortgage or deed of trust if such holder is an institutional lender.

If Borrower pays Funds to Lender, the Funds shall be held in an institution the deposits or accounts of which are insured or guaranteed by a Federal or state agency (including Lender if Lender is such an institution). Lender shall apply the Funds to pay said taxes, assessments, insurance premiums and ground rents. Lender may not charge for so holding and applying the Funds, analyzing said account or verifying and compiling said assessments and bills, unless Lender pays Borrower interest on the Funds and applicable law permits Lender to make such a charge. Borrower and Lender may agree in writing at the time of execution of this Mortgage that interest on the Funds shall be paid to Borrower, and unless such agreement is made or applicable law requires such interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds showing credits and debits to the Funds and the purpose for which each debit to the Funds was made. The Funds are pledged as additional security for the sums secured by this Mortgage.

If the amount of the Funds held by Lender, together with the future monthly installments of Funds payable prior to the due dates of taxes, assessments, insurance premiums and ground rents, shall exceed the amount required to pay said taxes, assessments, insurance premiums and ground rents as they fall due, such excess shall be, at Borrower's option, either promptly repaid to Borrower or credited to Borrower on monthly installments of Funds. If the amount of the Funds held by Lender shall not be sufficient to pay taxes, assessments, insurance premiums and ground rents as they fall due, Borrower shall pay to Lender any amount necessary to make up the deficiency in one or more payments as Lender may require.

Upon payment in full of all sums secured by this Mortgage, Lender shall promptly refund to Borrower any funds held by Lender. If under paragraph 17 hereof the Property is sold or the Property is otherwise acquired by Lender, Lender shall apply, no later than immediately prior to the sale of the Property or its acquisition by Lender, any Funds held by Lender at the time of application as a credit against the sums secured by this Mortgage.

3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest, and then to the principal.

4. **Prior Mortgages and Deed of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.

5. **Hazard Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and such other hazards as Lender may require and such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by the Borrower subject to approval by Lender; provided, that such approval shall not be unreasonably withheld. All insurance policies and renewals thereof shall be in a form acceptable to Lender and shall include a standard mortgage clause in favor of and in a form acceptable to Lender. Lender shall have the right to hold the policies and renewals thereof, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.

6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

01-01-00 MTG                                                                                                                    MA001242



MS050A7480P95MTG9000MA00I2420MMSTORIE          M          ORIGINAL

BK 22936 PG 198

-3-

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearances, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the contract rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefor related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower and all other parties who are or hereafter become secondarily liable shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof. All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage, grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Property Address or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this Mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage, if requested, at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property.** If Borrower sells or transfers all or any part of the Property or an interest therein, excluding (a) the creation of a lien or encumbrance subordinate to this Mortgage, (b) a transfer by devise, descent, or by operation of law upon the death of a joint tenant, (c) the grant of any leasehold interest of three years or less not containing an option to purchase, Borrower shall cause to be submitted information required by Lender to evaluate the transferee as if a new loan were being made to the transferee. Borrower will continue to be obligated under the Note and this Mortgage unless Lender releases Borrower in writing.

If Lender does not agree to such sale or transfer, Lender may declare all of the sums secured by this Mortgage to be immediately due and payable. If Lender exercises such option to accelerate, Lender shall mail Borrower notice of acceleration in accordance with paragraph 12 hereof. Such notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower may pay the sums declared due. If Borrower fails to pay such sums prior to the expiration of such period, Lender may, without further notice or demand on Borrower, invoke any remedies permitted by paragraph 17 hereof.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies. Except as provided in paragraph 16 hereof, or as otherwise required by law, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified in the notice may result in acceleration of the sums secured by this Mortgage, and sale of the Property. The notice shall further inform**

Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the nonexistence of a default or any other defense of Borrower to acceleration and sale. If the breach is not cured on or before the date specified in the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all reasonable costs and expenses incurred in pursuing the remedies provided in this paragraph 17, including, but not limited to, reasonable attorney's fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, in the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of the evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Borrower's Right to Reinstate.** Notwithstanding Lender's acceleration of the sums secured by this Mortgage due to Borrower's breach, Borrower shall have the right to have any proceedings begun by Lender to enforce this Mortgage discontinued at any time prior to the earlier to occur of (i) sale of the Property pursuant to the power of sale contained in this Mortgage or (ii) entry of a judgment enforcing this Mortgage if: (a) Borrower pays Lender all sums which would be then due under this Mortgage and the Note had no acceleration occurred; (b) Borrower cures all breaches of any other covenants or agreements of Borrower contained in this Mortgage; (c) Borrower pays all reasonable expenses incurred by Lender in enforcing the covenants and agreements of Borrower contained in this Mortgage, and in enforcing Lender's remedies as provided in paragraph 17 hereof, including, but not limited to, reasonable attorneys' fees; and (d) Borrower takes such action as Lender may reasonably require to assure that the lien of this Mortgage, Lender's interest in the Property and Borrower's obligation to pay the sums secured by this Mortgage shall continue unimpaired. Upon such payment and cure by Borrower, this Mortgage and the obligations secured hereby shall remain in full force and effect as if no acceleration had occurred.

19. **Assignment of Rents; Lender in Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 7 hereof or abandonment of the Property, Lender shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by the Lender shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender shall be liable to account only for those rents actually received.

20. **Homestead Waiver.** The undersigned release the homestead rights for themselves, their family, and any minor unmarried children, created by their declaration dated _____, recorded in _____ County Registry of Deeds, Book ____, Page ____.

21. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage if Lender is not obligated to refinance the debt or to make future advances.

REQUEST FOR NOTICE OF DEFAULT
AND FORECLOSURE UNDER SUPERIOR
MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

The Note secured by the Mortgage has:

a Principal Sum of $37,000.00     a Period of Loan of 180 MTHS.

a Rate of Interest of _____     Periodic Due Dates of 24 TH
which may be subject to change

IN WITNESS WHEREOF, Borrower has executed this Mortgage under Seal.

_____
WILLIAM A. STORIE -Borrower

_____
MARITZA STORIE -Borrower

COMMONWEALTH OF MASSACHUSETTS, WORCESTER County ss:

On this 24 TH day of AUGUST, 2000, before me personally appeared WILLIAM A. AND MARITZA STORIE,
and acknowledge the foregoing to be THEIR free act and deed.

My Commission expires

MY COMMISSION EXPIRES 3/24/2006

Notary Public  Kysia M. Ford



01-01-00 MTG     MA001244
ORIGINAL

BK 22936 PG 200

EXHIBIT A (PAGE 1)

BEING THE SAME PREMISES CONVEYED TO JAMARA BROS., INC. BY DEED OF H. ROSCOE CRAWFORD AND CECILE A. CRAWFORD, DATED AUGUST 20, 1965 AND RECORDED IN THE WORCESTER DISTRICT REGISTRY OF DEEDS IN BOOK 4593, PAGE 1.

MS050A74BDP95MTG9000MA0012490**STORIE                    ORIGINAL

ATTEST: WORC. Anthony J. Vigliotti, Register