UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 MAR 19  P 3: 32

U.S. DISTRICT COURT
DISTRICT OF MASS.

WILLIAM A. & MARITZA STORIE,  )
    Plaintiffs,                             )
                                        )
VS.                                    )    No. 03-40268-NMG
                                        )
HOUSEHOLD INTERNATIONAL, INC.,  )
BENEFICIAL FINANCE CORP.,  )
    Defendants.                   )
                                        )

## MOTION FOR CONTEMPT OF COURT ORDER AND REQUEST FOR SANCTIONS

Plaintiffs, William A. & Maritza Storie, pro se, respectfully submit this Motion for Contempt of Court Order and Request for Sanctions regarding the violations as described below.

1. On 11/7/03 a Preliminary Injunction was issued in Worcester Superior Court. This order was continued in effect on 11/21/03. On 11/24/03 Defendants removed the case from Worcester Superior Court to this United States Federal Court. See Ex. A.

2. During a telephone conversation with Defendants Attorney Christine DeRosa, on or about 11/24/2003, it was stated by Attorney DeRosa that the injunction would continue until the matter was resolved in Federal Court. There is no documentation to show this injunction is still not in effect.

3. On or about 12/4/03 Plaintiff, William Storie spoke with Attorney, Christine DeRosa to inform her that on several occasions her clients had violated the injunction. Plaintiff William Storie explained that on or about 11/20/03 an invoice was mailed to Plaintiff, which shows an "amount past due" of $516.00. Another notice was received on 12/4/03, which demanded a payment of $1034.12. Plaintiff Storie also explained that another unsolicited live check was received in the mail from Branch Manager, Karyn Ouellette for $6,000 dollars. Plaintiff, William Storie requested that these correspondents cease. Attorney DeRosa assured Plaintiff William Storie that she would request that her clients cease this activity. No more mail has been received after this discussion. It should be noted that the October 2003 payment for $520 dollars was sent to Defendants and recorded on 10/19/03. At the time the injunction was issued the account in question was up to date. See Ex. B.

4. On 3/13/04 Plaintiff, William Storie checked his Equifax and Experion credit reports paying $9.00 dollars for this information. Plaintiffs discovered that Defendants had recorded the account in controversy as "Delinquent" and "Past Due" by $1,036 dollars. See Ex. C. This account was paid up to date at the time the injunction was granted by the Worcester Superior Court. This violation is inaccurate and further affecting Plaintiffs' Credit Report in a negative way. This appears to be a knowing attempt to negatively impact Plaintiffs Credit Report and in clear violation of the injunction issued. It should be noted that any claim that this is a "mistake" by Defendants should be refuted by their acknowledgement in the November invoice of a "Disputed Amount" of "$436,645.48". See Ex. B.

5. Plaintiffs also discovered that Defendants have been looking at Plaintiff, William Stories' Credit report on a monthly basis before and after the injunction was issued. "Household Finance Corp" made inquiries to Plaintiffs Credit report on 1/2004, 12/2003, 11/2003, 10/2003, 9/2003, 8/2003, 7/2003, 6/2003, 5/2003, 4/2003, and 3/2003. There should be **no pretense** as to why Defendants are looking at Plaintiffs Credit post Injunction and this behavior should have ceased. Therefore there is only a **false pretense** as to why Defendants would be looking into Plaintiffs' Credit. "Household Bank" has also looked into Plaintiffs' credit report **twice** in 12/2003 and once in 11/2003, 10/2003, 9/2003, **three times in 8/2003,** once 7/2003, 6/2003, **twice 5/2003, and three times on 4/2003.** See Ex. D.

6. During the 11/21/03 hearing in Worcester Superior Court, Defendants tried to convince Superior Court Justice, Tina Page that Plaintiffs had not paid the fee for the Preliminary Injunction. It was clearly shown to Defendants counsel that the fee had been paid. Despite this, Defendants presented falsely to this court, ¶ 3 "Notice of Removal" on 11/24/03, "As of the time of this hearing on November 21, 2003, Plaintiffs had not paid the required $90.00." This statement is factually inaccurate and defense counsel knew this. The fee was paid immediately after the 11/7/03 hearing on that day. See Ex. E.

For the reasons set forth above Plaintiffs respectfully request this Federal Court find Defendants in Contempt of the Injunction and Sanction Defendants for this ongoing behavior.

Plaintiffs,
William A. and Maritza Storie,

*Pro Se*

*/s/ William A. Storie*

*/s/ Maritza Storie*
59 Crawford Road
Oakham, MA 01068
508-882-3810


## CERTIFICATE OF SERVICE

I certify that the within Motion for Contempt and Request for Sanctions regarding violations of Court Order was served upon Counsel for Defendants by USPS Priority Shipping, on March 19, 2004.

Attorney, Christine DeRosa
For Household International, INC. and
Beneficial Finance Corp.
Shechtman, Halperin, & Savage, LLP
86 Weybosset Street
Providence, RI 02903

*/s/ William A. Storie*
William A Storie, *pro se*
59 Crawford Rd.
Oakham, MA 01068
508-882-3810

4