UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM A. STORIE and MARITZA STORIE,<br><br>      Plaintiffs,<br><br>v.<br><br>HOUSEHOLD INTERNATIONAL, INC. and BENEFICIAL FINANCE CORP.,<br><br>      Defendants. | Civil Action No.<br>03-40268-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION FOR CONTEMPT OF COURT ORDER AND REQUEST FOR SANCTIONS**

This is an action alleging violations of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. Plaintiffs William and Maritza Storie, proceeding *pro se*, allege generally that defendants acted improperly in making disclosures and representations regarding a consumer loan transaction secured by a mortgage on their home. Plaintiffs have moved for contempt based on certain actions by defendants that plaintiffs claim violate a prior court order.

## Background

This case was removed by defendants to federal court. Prior to removal, the Superior Court heard this matter on a motion for preliminary injunction and issued the following order dated November 10, 2003:

> It is **ORDERED** and **ADJUDGED** that upon payment to the clerk of the sum of $90.00, and until further order of the Court, the application under the prayers of the complaint is hereby granted; and the plaintiff William A. Storie is ordered not to make any payments to the defendant until after the hearing on November 17, 2003 @ 2:00 P.M. when this Court will hear further testimony.

The court postponed the November 17 hearing to November 21, 2003, and, after that hearing, the court continued the order in effect to December 29, 2003. Defendants removed the case to this Court on November 25, 2003. The order has not been renewed or extended, nor have plaintiffs moved to do so.

Plaintiffs contend that defendants have violated the injunction by sending solicitations for additional loans, sending correspondence regarding amounts due and future payments, and by providing information to credit bureaus that Mr. Storie's loan was delinquent. Specifically, plaintiffs assert that the following conduct violates the order:

- On or about November 20, 2003, defendants mailed an invoice to Mr. Storie showing $516 past due.

- On November 21, 2003, defendants represented to the state court that plaintiffs had not paid a $90 fee for a preliminary injunction, when, in fact, they had already paid it.

- On December 4, 2003, defendants mailed a notice to Mr. Storie demanding payment of $1034.12.

- On an unspecified date, apparently prior to December 4, 2003, defendants sent an unsolicited live check for $6,000 to plaintiffs.[1]

- On an unspecified date prior to March 13, 2004, defendants reported Mr. Storie's account to a credit bureau as delinquent and past due by $1,036.

- On various occasions from April 2003 through January 2004, defendants reviewed Mr. Storie's credit report.

- On March 22, 2004, plaintiffs received a "Notice of Hardship Eligibility" from defendants that related to the collection of their debt.[2]

---

[1] A live check is an unsolicited check sent by a lender to a potential borrower that, if cashed, becomes a loan, often at a high rate of interest. Kathleen C. Engel & Patricia A. McCoy, *A Tale of Three Markets: The Law and Economics of Predatory Lending*, 80 Tex. L. Rev. 1255, 1282 n.199 (2002).

[2] According to plaintiffs, on or about December 4, 2003, Mr. Storie spoke with defense counsel and requested that correspondence from defendants cease. Plaintiffs confirm that they received no more mail from

Defendants maintain that they are not in contempt because the order did not expressly restrain them. The only party restrained by the injunction, they argue, was Mr. Storie, who was ordered not to make payments until December 29, 2003. Defendants also claim that they attempted in good faith to report Mr. Storie's account as disputed, rather than delinquent, and to refrain from collection efforts. They also halted the accrual of interest during the period of the injunction. In any event, defendants note, the injunction expired on December 29, 2003, and many of the alleged violations appear to have occurred after that date. Defendants also challenge the underlying validity of the order based on plaintiffs' alleged failure to satisfy the substantive criteria for obtaining an injunction.

## **Analysis**

Before reaching the merits, the Court must address two preliminary matters.

First, it is clear that under 28 U.S.C. § 1450 the order of the Superior Court remained in force in this Court following removal. *Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70*, 415 U.S. 423, 436 (1974) ("[T]he statute ensures that interlocutory orders entered by the state court to protect various rights of the parties will not lapse upon removal. Thus . . . injunctions . . . obtained in state court . . . remain effective after the case is removed to federal court.").

Second, the Court may decide plaintiffs' motion solely on the memoranda submitted. Neither party has requested an evidentiary hearing, and, because the Court is able to evaluate the sufficiency of plaintiffs' contempt allegations as a matter of law, "an evidentiary hearing would [be] a waste of time." *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 77 (1st Cir. 2002);

---

defendants after that discussion except for the Notice of Hardship Eligibility, which they received March 22, 2004.

*accord Morales-Feliciano v. Parole Bd. of P.R.*, 887 F.2d 1, 6-7 (1st Cir. 1989) (concluding that an evidentiary hearing was not required where the alleged contemnor had adequate notice and opportunity to present evidence and arguments in writing, pointed to no disputed factual matters that required an oral proceeding, and did not request a hearing).

A complainant for civil contempt must prove by clear and convincing evidence that the alleged contemnor violated a clear and unambiguous court order. *Project B.A.S.I.C. v. Kemp*, 947 F.2d 11, 16 (1st Cir. 1991). "The test is whether the putative contemnor is able to ascertain from the four corners of the order precisely what acts are forbidden," a test which is limited to an examination of the document's text. *Goya Foods*, 290 F.3d at 76 (quotation omitted). Any ambiguities or uncertainties in the order must be resolved in favor of the party charged with contempt. *Project B.A.S.I.C.*, 947 F.2d at 16.

The order states that "plaintiff William A. Storie is ordered not to make any payments to the defendant until after [further] hearing." The injunction subsequently was ordered to continue in effect until December 29, 2003.

By its terms, the injunction expired on December 29, 2003, and restrained only Mr. Storie's conduct. It did not compel or forbid *any* action by defendants. This is not a case where a party tried to accomplish indirectly what a court order made clear it could not accomplish directly. *Compare Judge Rotenberg Educ. Ctr., Inc. v. Commissioner of Dep't of Mental Retardation*, 424 Mass. 430, 449 (1997). Rather, it is a case where the court order itself does not explicitly restrain defendants. To hold otherwise and infer that it imposed restrictions on defendants would be to ignore the rule that the putative contemnor must be able to ascertain from the text of the court's order itself what acts are forbidden. *See Goya Foods*, 290 F.3d at 76. Even if the Court

4

were to assume (which it does not) that the Superior Court intended by its order to restrain defendants in some unspecified way, "a court's intentions and its orders are two different things." *Project B.A.S.I.C.*, 947 F.2d at 18.  The Court declines to read additional terms into the injunction.  As defendants did not violate the terms of the order, there is no contempt.

## Conclusion

For the reasons stated above, plaintiffs' Motion for Contempt of Court Order and Request for Sanctions is hereby DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: November 18, 2004