UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| WILLIAM A. & MARITZA STORIE,<br>Plaintiffs,<br><br>VS.<br><br>HOUSEHOLD INTERNATIONAL, INC.,<br>BENEFICIAL FINANCE CORP.,<br>Defendants. | No. 03-40268-NMG |

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO RECONSIDER PLAINTIFF'S MOTION FOR CONTEMPT

Plaintiffs, William A. and Maritza Storie, *pro se*, hereby submit this Memorandum of Law in Support of Plaintiff's Motion To Reconsider Plaintiff's Motion For Contempt. This is an action alleging violations of Truth in Lending Act, 15 U.S.C., Willful and Knowing Fraud, Material Misrepresentation, Violations of Massachusetts General Laws, Chapter 93A and more. Plaintiffs are asking the court respectfully for reconsideration of their denial of Plaintiff's Motion for Contempt due to Defendants past and continued violations of a court order per R.C.V.P. Rule 65(d), and R.C.V.P. Rule 19 as they are a clear joined party, acting in bad faith. Defendants are in clear **active concert** to the injunction in place and have been served.

### I. Introduction

This case was moved, by Defendants, to Federal Court on 11/24/04. Prior to removal, on 11/7/04 and 11/21/04 Worcester Superior Court Judge Page heard this matter on an application for preliminary injunction and issued the following order dated November 10, 2003:

1

It is **Ordered** and **Adjudged** that upon payment to the clerk of the sum of $90.00, and until further order of the Court, **the application under the prayers of the complaint is hereby granted; and** the plaintiff William A. Storie is ordered not to make any payments to the defendant until after the hearing on November 17, 2003 @ 2:00 p.m. when this Court will hear further testimony. (Emphasis added). See Ex. A.

Facts show that Defendants had plenty of opportunity to argue the merits of their objection to the Preliminary Injunction issued.[1] The order, if read literally, cannot be interpreted properly without taking Plaintiff's application into consideration. Judge Page actually went beyond Plaintiff's application at her discretion. Plaintiff's complaint reads, in part:

> **I hereby request that this court place a restraining order on Beneficial Finance/Household Retail Finance acct. # 521721-7-506554-0.** See Ex. B. (Emphasis added).

Plaintiffs also stated in the application, "I am asking the Court for an injunction ceasing all activity on this loan." See Ex. B. Even if the injunction was improper, it remains in effect and needs to be followed pending Defendant's objection.

After the injunction was granted, **Defendants** presented a material and accurate understanding of the injunction in their **Memorandum of Law in Support of Defendants' Objection to Plaintiff's Application for Preliminary Injunction** to Worcester Superior Court. See Ex. C. Defendants write,

> "As part of his Complaint, Plaintiff requested injunctive relief. **Specifically, Plaintiff requested that the outstanding principal balance on the loan be placed**

---

[1] Despite Defendant's inaccurate claim to this Federal Court that Counsel were not given the opportunity to make "substantive arguments against the preliminary Injunction, court transcripts will show otherwise. Transcripts will show and Plaintiffs state, honestly, that Worcester Superior Court Justice Page asked Defendant's Counsel what more she had to say regarding any argument objecting to the Preliminary Injunction. Defense Counsel stated, "nothing". Plaintiffs requested a continuance after this exchange. This was the second opportunity for Defense Counsel to argue their objection. At the November 7, 2003 court appearance, Defense Counsel, Thomas Carlotto, stated, in essence, he had not had an opportunity to prepare for the appearance. Only after the application was granted and Injunction issued did attorney Carlotto appear to have some knowledge of the case.

2

in escrow, **that Defendants be restrained from taking any action on the loan,** and that Defendants bear court costs for any order entered in response to his request." Page 1,¶1. (Emphasis added).

Defendants have violated the court order, the intent of the order, and Defendant's understanding of the order, on many occasions since it was granted on November 7, 2003. Defendants further violate the injunction on November 08, 2004. See Ex. D. Defendants sent a notice to Plaintiffs, which states, "**Notice of Negative Credit Reporting Disclosure**". This ongoing behavior appears to seriously contradict Defendant's "good faith" claim to this Federal Court. Plaintiffs will also demonstrate by law that this behavior by Defendants is contemptuous, further disregards the spirit of "fair play", takes advantage of "unintended consequences", is harassing Plaintiffs, and violating a clear order, which Defendants have engaged in Estoppel in order to switch their position opposing clear contempt.

## I.   Applicable Standards

The Plaintiff's motion for reconsideration is treated as a motion under Local Rule of Civil Procedure 7(c). D.Conn. L. Civ. R. 7(c). Rule 7(c) motions "are, as a practical matter the same thing as motions for amendment of the judgment under Fed.R.Civ.P. 59(e)" and are treated under the standard for this federal rule. Accordingly, a motion for reconsideration must "adhere to stringent standards." Gold v. Dalkon Shield Claimants Trust, No. 5:82-CV-383 (EBB), 1998 WL 422900 at *2 (D. Conn. 1998). The movement must show that the court overlooked matters or controlling decisions, which might reasonably have altered the court's result. Schonberger v. Serchuk, 742 F.Supp. 108, 119 (S.D.N.Y. 1990). Specifically, "Rule 59(e) recognizes only three possible grounds for

3

any motion for reconsideration: (1) an intervening change in the law; (2) the availability of new evidence not previously available; and (3) the need to correct a clear error of law or prevent manifest injustice." Gold, 1998 WL 422900 at *2; See also, Doe v. New York City Dep't of Social Services, 709 F.2d 782, 789 (2d. Cir. 1983). The application of these standards is intended to prevent "wasteful repetition of arguments already briefed, considered and decided." Schonberger, 742 F.Supp. at 119.

Plaintiffs will admit that this memorandum and Motion were to be filed within 10 days. Plaintiffs originally understood the amount of time to be 14 days. Plaintiffs respectfully ask this Federal Court for an allowance granting some latitude in the timeline due to; 1. The holiday cutting short some ability to prepare properly, and 2. Also, An untimely knee injury, which occurred on 11/23/04 and prevented Plaintiffs from responding in 10 days.

II.     **Argument**

A. Plaintiffs' Motion should be Reconsidered due to the Need to Correct a Possible Error of Law and Prevent Manifest Injustice.

On 10/30/03 Defendants were served notice by constable that an application for preliminary injunction existed and that "a hearing upon such application will be held at the court house..." on 11/7/03. See Ex. A. Plaintiff's application and request for an injunction ceasing all activity on the loan in question was also attached and delivered by constable. See Ex. B. To prevent manifest injustice and due to new evidence, Plaintiff's application regarding the request for preliminary injunction should be accepted as evidence in this Motion to Reconsider.

At the 11/7/03 hearing Attorney for the Defendant's, Thomas Carlotto, See Ex. E.

4

argued strongly against why this Injunction should not be granted after the injunction was issued. Plaintiffs laid out their case why it should be granted and the basis for their claim prior to the issuance. Defendants had significant opportunity to argue their objection in court. Defendants are a clear and necessary joined party to this action. Per F.R.C.P Rule 19 (a) "Persons to be joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if; (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action may;(i) as a practical matter impair or impede the person's ability to protect that interest.

Defendants are also bound by the injunction per F.R.C.P. Rule 65 (d) "as a party in **active concert** or participation with them who receive actual notice of the order by personal service or otherwise." In essence, Defendant's are provoking Plaintiffs to feel that they must violate the most narrow interpreted terms of the injunction by their continued demands of payment, delinquent notices, illegally providing false information to credit reporting agencies, past due amount invoices. Defendants in active concert or participation with them who receive actual notice of the Court's Order are immediately enjoined from aiding and abetting Plaintiffs order Per F.R.C.P 65 (d).

Defendants appeared to fully understand the true intent of Plaintiff's application and how enjoined they were to this action in their **Memorandum of Law in Support of Defendant's Objection to Plaintiff's Application for Preliminary Injunction** presented to Worcester Superior Court. Defendants write, "As part of his Complaint, Plaintiff requested injunctive relief. Specifically, [. . .] that Defendants (Household) be restrained from taking any action on the loan, and that Defendants bear court costs for

any order entered in response to his requests." Page 1,¶ 1, Compared to their **Memorandum of Law in Support of Defendants' Objection to Plaintiffs' Motion and Amended Motion for Contempt and Request for Sanctions,** Page 3,¶ 2, "The Application for Preliminary Injunction, pursuant to which Plaintiff sought permission to deposit his monthly Loan payments in an escrow account instead of making payments directly to the holder of the note." See Ex. F. The latter is entirely and factually inaccurate. [2]

> **B.** New Evidence has been sent by Defendants to Plaintiffs, which further violates Plaintiff's Application and Injunction Granted and certainly disputes their "good faith" argument.

On 11/8/04 Plaintiffs received a **"Notice of Negative Credit Reporting Disclosure"** from **"Beneficial"** 72 Madison Street, Worcester, MA 01608. See Ex. D. If Plaintiff's application as well as the Worcester Superior Court's order are to be taken seriously there is no other conclusion but to find Defendant's in contempt for this ongoing behavior. More than one year after the injunction was granted ceasing all activity of Plaintiff's loan, after a Motion for Contempt by Plaintiffs was filed, and prior to a ruling from the court, Defendants sent Plaintiffs this information that states, "We may report information about your account to credit bureaus. Late Payments, missed payments, or other defaults on your account may be reflected in your account."

It should be noted that Defendants claim they have reported this account "in dispute" implying that this was to credit reporting agencies. It appears the account

has been reported in dispute to Defendant's internally within their corporation, not to any credit reporting agencies. To Credit Reporting Agencies it appears Defendants have reported delinquent payments post the injunction commencing. Defendants alluded that Plaintiffs must have been delinquent in the past with their account. Plaintiffs can show the loan was up to date upon issuance of the preliminary injunction

## II.  Damages

Plaintiff's ability to obtain credit has been compromised by this ongoing behavior. Plaintiff's credit scores instrumental in obtaining lower finance rates and obtaining refinance loans on their first mortgage has been harmed. This behavior on the part of Defendants is taxing on Plaintiffs and takes away important time from family, which is priceless. This harassment is taking its emotional toll on Plaintiffs. The spirit of the law is harmed by Defendants continued misstatement of facts, changing of their understanding of their responsibility regarding this injunction and their factual inaccuracies, which always appear to benefit their flawed arguments. It has cost Plaintiff money they do not have to pay for credit reports to monitor Defendant's damage to Plaintiff's credit. Plaintiffs are seeking $5,000 in damages as a result of Defendants behavior. Plaintiffs trust the court for any other penalties they may deem appropriate.

## III.  Conclusion

For reasons set forth above Plaintiffs respectfully ask this Honorable Court to Reconsider their order denying Plaintiff's Motion and Amended Motion for Contempt.

---

[2] Plaintiffs, in their initial complaint, stated they would be willing to place the entire amount of the loan in an escrow account. At the 11/7/03 hearing and in their amended complaint, Plaintiffs rescinded this offer. Regardless, Defendants completely avoid the factual accuracy of Plaintiff's initial application, which clearly requests a restraining of **all activity of the loan by Defendants**. This application was granted, Defendant's knew this, and vehemently argued against it in court and written motion.

Plaintiffs, *pro se*

_____
William A. Storie,

_____
Maritza Storie,
59 Crawford Rd.
Oakham, MA 01068
508-882-3810

~~Certificate of Service~~ WS.

*Certificate of Service*

    I certify that the within Memorandum of Law in Support of Plaintiff's Motion to Reconsider Plaintiff's Motion for Comtempt was served upon the following counsel for Defendants, Household International, INC. and Beneficial Finance Corp., by USPS priority mail on November 29, 2004.

Schechtman Halperin Savage, LLP
Gini Spaziano
86 Weybosset Street
Providence, RI 02903

 

*/s/ William A Storie*
William A Storie
59 Crawford Road
Oakham, MA 01068

9