

Ex. A

Commonwealth of Massachusetts
County of Worcester
The Superior Court

CIVIL DOCKET# **WOCV2003-02104**

RE: **Storie v Beneficial Finance/Household Retail Finance**

## PRELIMINARY INJUNCTION

This action came on to be heard before the Court upon the return of an Order of Notice to show cause why the application for a preliminary injunction should not be granted, and was argued by counsel; and upon consideration thereof,

It is **ORDERED and ADJUDGED** that upon payment to the clerk of the sum of $90.00, and until further order of the Court, the application under the prayers of the complaint is hereby granted; and the plaintiff William A. Storie is ordered not to make any payments to the defendant until after the hearing on November 17, 2003 @ 2:00 P.M. when this Court will hear further testimony.

Dated at Worcester, Massachusetts this 10th day of November, 2003.

Tina S. Page, Justice

BY: Denise D. Foley
Assistant Clerk

Telephone: 508-770-1899, Ext. 125 or Ext. 105 (Session Clerk)

11/21/03 The plaintiff is to pay the $90 fee for the P.I. This matter is cont'd in effect until 12/29/03 @ 2pm for status. Counsel for the plaintiff, or a representative from Harvard Law School, should be present. All matters are stayed until then. Page, J.

attest: Alexander Rodriguez, III
Asst. clerk

Upon review, the plaintiff has already pd the $90 on 11/19/03
Alex. Rodriguez III

cvdpinj.wpd 579638 pinj williams

Ex. B

**COMMONWEALTH OF MASSACHUSETTS**

**WORCESTER, SS.**

**SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT CIVIL ACTION**

**No.** 2003 - 2104 C

William A. Storie, Plaintiff (s)

v.

Beneficial Finance / Household Retail Finance, Defendant (s)

**SUMMONS AND ORDER OF NOTICE**

To the above-named Defendant: Beneficial Finance

You are hereby summoned and required to serve upon William A. Storie plaintiff's ~~attorney~~, whose address is 59 Crawford Rd. Oakham MA 01068 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the SUPERIOR COURT at WORCESTER, either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Worcester in the Courtroom 16 session without jury of our said court on Friday the 7 th day of November A.D. 20 03 at 2:00 PM o'clock ~~A.M.~~, at which you may appear and show cause why such application should not be granted.

Witness, Suzanne V. DelVecchio, Esquire, at Worcester, the 30 th day of October in the year of our Lord two thousand and 03.

Francis A. Ford [signature]

[redacted] Clerk

NOTES:

1. This summons is issued pursuant to Rules 4 and 65 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FILED
OCT 3 0 2003
ATTEST: [illegible]
CLERK

COMMONWEALTH OF MASSACHUSETTS

Worcester, ss.

Superior Court
Docket Number ____________

03-2104 C

William A Storie
59 Crawford Rd
Oakham, MA 01068

Plaintiff(s)

10/30/03
Summons & Order of Notice
To issue Returnable
11/7/03 @ 2PM in
Room 16
B. Hinys, J
Attest: [illegible] (Asst) Clerk

COMPLAINT

Vs.

Beneficial Finance
owned by Household Latest Finance

Defendant(s)

275

My name is William Storie. I reside at 59 Crawford Rd Oakham, MA 01068.

Approximately 3 years ago I obtained a home equity loan with Beneficial Finance for Approximately $38,000.

This loan was deemed predatory in nature and I entered into a Class Action regarding the nature of the loan.

I am currently seeking consultation w/ an attorney from the Harvard Law School as to how to rescind my name from the loan and look at more alternative means to hold Beneficial/Household related Finance accountable.

prior to this, I requested a payout amount for the loan

On Sunday Oct 26, 2003, I recieved the payoff amount, 36,899.96 on 10/29/03 in the mail. I have until 10/31 to pay the loan or further interest will accrue rapidly.

I am asking the court for an injunction ceasing all activity on this loan. I will be willing to place the payoff amount in an escrow account until further action/decisions through the court, along with the State attorney General's office regarding being allowed out of the class action.

My ultimate hope is that the loan be rescinded. I will also entertain other settlement offers from Beneficial Finance.

Beneficial should recieve any interest from the escrow if judgement is not in my favor.

I thank the court for consideration in this matter.

William Ashod, sr.

① I hereby request that this court place a restraining order on Beneficial Finance/Household retail Finance acct # 601721-17-500554-0.

② Plaintiff agrees to place Principal Balance of 36,899.96 in an escrow account until further Judgements occur.

③ Due to the unreasonable amount of time allowed to mail this payment, since a branch will not accept payoffs, I request Beneficial be responsible for court costs for this order.

Sincerely

William A [signature]

CERTIFIED MAIL
7002 2030 0003 1350 0718

U.S. POSTAGE
PAID
FITCHBURG, MA
01420
OCT 29, 03
AMOUNT
$4.42

Ex. C

Moved to Dec 29 2:00 Status Staff Status

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS.

SUPERIOR COURT DEPARTMENT OF THE TRIAL COURT

| | |
|---|---|
| WILLIAM A. STORIE, Plaintiff, vs. BENEFICIAL FINANCE/HOUSEHOLD RETAIL FINANCE, Defendants. | No. 2003-2104 C |

21st @ 2:00 PM

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S APPLICATION FOR PRELIMINARY INJUNCTION**

Defendants, Beneficial Finance and Household Retail Finance ("Defendants"), in the above-entitled matter, respectfully submit this Memorandum of Law in Support of their Objection to Plaintiff's Application for Preliminary Injunction.

## I. Introduction

Plaintiff entered into a loan agreement with Beneficial Massachusetts Inc. Plaintiff asserts vague claims that Defendants acted improperly with respect to the loan agreement at issue. Although not entirely clear from the Complaint, it appears as if Plaintiff is seeking to rescind his loan agreement. As part of his Complaint, Plaintiff requested injunctive relief. Specifically, Plaintiff requested that the outstanding principal balance on the loan be placed in escrow, that Defendants be restrained from taking any action on the loan, and that Defendants bear court costs for any order entered in response to his requests.

Plaintiffs' request for relief must be denied as he cannot sustain his burden of proving that a preliminary injunction should issue in his favor. First, Plaintiff cannot show a reasonable

likelihood of success on the merits because: (1) the Complaint fails to state a claim upon which relief may be granted; (2) the statute of limitations for rescission or any action regarding the loan at issue have expired; (3) Plaintiff admits that he entered into a General Release regarding the loan at issue as part of a settlement facilitated by the Massachusetts Attorney General; (4) Plaintiff has failed to name or serve the appropriate defendant or actual existing legal entity; and (5) even if Plaintiff has cognizable claims against Defendants, such claims must be submitted to arbitration pursuant to Plaintiff's contracts with Beneficial Massachusetts Inc.

Second, Plaintiff cannot prove that he is at risk of any irreparable harm if his request is denied since Defendants have not taken any adverse actions regarding the loan at issue. Third, the weighing of equities favor maintaining the status quo and requiring Plaintiff to continue honoring his loan agreement with Beneficial Massachusetts Inc.

## II. PROCEDURAL HISTORY

William Store, the *pro se* Plaintiff, filed a Complaint against Defendants on or about October 30, 2003. At that time he also obtained a Summons and Order of Notice setting this matter down for hearing on his purported Application for Preliminary Injunction on November 7, 2003. The matter was heard by the Honorable Judge Page who issued an order, upon Plaintiff's payment of $90.00, ordering Plaintiff "not to make any payments to the defendant until after the [further] hearing" which the Court originally set down for November 17th. Upon agreement of the parties and approval of the Court, the further hearing has been rescheduled to November 21st.

## III. FACTS

Plaintiff entered into Home Equity Credit Line Revolving Loan Agreement (the "Loan") with Beneficial Massachusetts Inc. ("Beneficial") on August 24, 2000.[1] Pursuant to the terms of

[1] Beneficial Massachusetts Inc. has not been named or served in this matter.

the Loan, Plaintiff was given an initial line of credit in the amount of $37,000.00. See Ex. A. Plaintiff granted Beneficial a mortgage in his property located in Oakham, Massachusetts to secure the Loan. See Ex. B. When Plaintiff obtained the Loan from Beneficial, he executed a Loan Agreement as well as an Arbitration Rider. See Ex. C. The Arbitration Rider contains a mutual mandatory arbitration clause and states that it applies to any and all claims "arising from or relating to this [Loan] Agreement or the relationships which result from Agreement, including the validity or enforceability of this arbitration clause." See Ex. C.

On August 23, 2003, Plaintiff executed a General Release in favor of Household International, Inc., Household Finance Corporation, Beneficial Corporation, and their direct and indirect subsidiaries, affiliates, officers, directors, employees, agents, related entities, successors, and assigns. In exchange for a minimum specified sum, Plaintiff released Household

> from all civil actions and causes of actions which [Plaintiff] may have as of the date of this release agreement, in contract, in tort . . . whether know or unknown . . . that arise from or are related to the restitution received or the following lending practices by Household in connection with [Plaintiff's Loan]

The lending practices set forth in the release included "Household's conduct with respect to":

> loan points and origination fees, interest rates, monthly payment amounts, single premium credit and other insurance products, prepayment penalties, loans offered through a negotiable check . . . home equity lines of credit, loan billing practices relating to simple interest calculations, balloon payments, payoff information, non English documentation, and net tangible benefit in loan refinancing.

After executing the General Release in August of 2003, Plaintiff requested a payoff figure from Beneficial using an on-line form on or about October 26, 2003. See Ex.D In response to his request, Beneficial forwarded Plaintiff a payoff figure that was good through October 31, 2003, and contained a per diem figure in the event Plaintiff chose to pay off the loan after the expiration of the estimated pay-off date. See Ex. E

Plaintiff was apparently angered by the 5-days that elapsed from the time he requested the pay off until the time he received it in the mail. Based upon vague allegations that the Loan had "placed [him] in a very difficult situation" on October 29, 2003, Plaintiff demanded that Beneficial reduce his principal balance by $2,000.00. See Ex. F. Plaintiff then commenced this suit the next day and sought injunctive relief pursuant to which it appears that Plaintiff is seeking to avoid making any payments or accruing any interest during the pendency of this matter.

## III. STANDARD FOR PRELIMINARY INJUNCTIONS

In deciding whether or not to grant an application for preliminary injunction, the Court must act upon "an abbreviated presentation of the facts and the law." Packaging Indus. Group, Inc. v. Cheney, 380 Mass. 609, 616 (1980). Although the Court acts on an abbreviated record, the Plaintiff's burden of proof is rather high and includes a showing that: (1) he has a reasonable likelihood of success on the merits; (2) he will suffer a substantial risk of immediate and irreparable harm if the court denies the requested relief; and (3) the harm he will suffer outweighs any harm Defendants may suffer if an injunction issues. Loyal Order of Moose, Inc. v. Bd. of Health of Yarmouth, 439 Mass. 597, 601 (2003); Tri-Nel Mgt., Inc. v. Bd. of Health of Barnstable, 433 Mass. 217, 219 (2001). "Only where the balance between these risks [the risk of harm to the Plaintiff and risk of harm to the Defendants] cuts in favor of the moving party may a preliminary injunction properly issue." Planned Parenthood League v. Operation Rescue, 406 Mass. 701, 717 (1990)(quoting Packaging Indus., supra at 609). Generally, the court should strive to preserve the status quo pending a final outcome such that "a meaningful decision may be rendered for either party" at the conclusion. Packaging Indus., 380 Mass. At 616; Boston City Council v. Menino, 2000 Mass. Super. LEXIS 161 *26 (J. Burnes)(refusing to grant preliminary

injunction where doing so would change the status quo in favor of a party not likely to succeed on the merits.) If granted, a preliminary injunction must be "narrow, carefully tailored, and reasonably specific". Planned Parenthood, supra at 717 (1990)(internal quotations and citations omitted).

## IV. ARGUMENT

### A. Plaintiff Cannot Demonstrate A Likelihood Of Prevailing On The Merits.

Plaintiff alleges in his Complaint that he obtained a home equity loan from "Beneficial Finance" for approximately $38,000.00 more than 3 years ago. He further claims that his loan was deemed predatory in nature by some unidentified source. Plaintiff admits that he elected to participate in a settlement facilitated by the Massachusetts Attorney General and that he executed a General Release in that regard. As described above, this Court must, as a threshold matter in considering the present application, evaluate the likelihood that Plaintiff would succeed on each of these claims at trial. Defendants assert that Plaintiff's factual allegations, as contained in his Complaint supporting the present request for injunctive relief do not, and cannot, support these claims.

#### 1. The Complaint fails to state a claim upon which relief may be granted.

Based upon the assertions contained in the Complaint, Plaintiff has failed to state a cognizable claim. Although Massachusetts requires only notice pleading, Plaintiff must still plead his case sufficiently so as to put the Defendants on notice as to the nature of the claims. Berish v. Bornstein, 437 Mass. 252, 269 (2002)("A complaint must, however, contain 'a short and plain statement of the claim,' which affords fair notice to the defendant of the basis and nature of the action against him.")(quoting Mass. R. Civ. P. 8(a)(1)). Plaintiff's claim that the Loan was "predatory" is insufficient because he fails to describe the manner in which the Loan

was "predatory" and further fails to specify the damages, if any, he claims to have suffered as a result of Defendants' conduct. Defendants are left to guess as to the claims that Plaintiff is asserting. In fact, it is unclear as to whether Plaintiff is even aware of the claims he believes he has against Defendants since he claims he is *in the process* of consulting with an attorney to determine whether he can negate the General Release that he signed. "Even by the generous standards of notice pleading, the plaintiff's complaint is 'grievously murky'." Epstein v. Liberty Bank & Trust Co., 12 Mass. App. Ct. 1000 (1981).

Plaintiff failed to even completely and properly fill out the civil action cover sheet regarding his statement of damages and thus, it is unclear as to whether Plaintiff claims he has suffered any damage as a result of Defendants' conduct and if so, the cause and the amount. Moreover, Plaintiff's failure to cite even one statute or common law theory of recovery has made it impossible for Defendants to adequately respond to the Complaint.[2] Defendants are left to guess as to the nature of Plaintiff's claims and the amount, or even existence, of damages.[3]

In addition, the Complaint names "Beneficial Finance/Household Retail Finance." There are no such entities or corporations in existence under those names. The only potential proper party is Beneficial Massachusetts Inc. since that is the corporation with whom Plaintiff contracted regarding the Loan at issue. Plaintiff's failure to properly name and serve the proper defendant mandates that his Complaint be dismissed.[4]

---

[2] Plaintiff has indicated that he intends to amend the Complaint. Defendants will likely file a Motion for More Definite Statement if Plaintiff does not amend his Complaint to more specifically plead his case.

[3] Plaintiff's failure to complete the statement of damages renders it impossible to ascertain whether or not this Court even has subject matter jurisdiction over this matter as a question exists as to whether Plaintiff meets the threshold damage amount.

[4] Plaintiff has intimated that he plans to amend his Complaint. At the hearing on November 7th, he indicated that he would be amending his complaint to add his wife as a party in an attempt to circumvent the General Release which she did not sign. Such an attempt to amend would be futile as Mrs. Storie was not a party to the Loan agreement.

2. The statute of limitations has expired.

Although it is unclear as to what claims Plaintiff has attempted to assert against Defendants, Plaintiff has intimated that he is seeking to rescind his Loan and such a claim must arise under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq. Under TILA, when a consumer loan is secured by the borrower's principal dwelling, that borrower may rescind the loan if the lender does not accurately disclose certain important terms. See Beach v. Ocwen Federal Bank, 523 U.S. 410, 118 S. Ct. 1408, 1412-13, 140 L. Ed. 2d 566 (1998). "Under § 1635(f) of the statute, this right of rescission 'shall expire' in the usual case three years after the loan closes or upon the sale of the secured property, whichever date is earlier." Id. In Beach, the Supreme Court unequivocally stated that "§ 1635(f) completely extinguishes the right of rescission at the end of the 3-year period." Any right Plaintiff may have had to rescind the Loan expired at the time he closed on the Loan in August of 2000 or, at the latest and upon certain circumstances, in August of 2003. The filing of the Complaint in October of 2003, thus, was untimely and Plaintiff's claim for rescission is barred by the statute of limitations.

3. Plaintiff's execution of the General Release bars his claims against Defendants.

Plaintiff admits that he executed a General Release in favor of the Defendants. The scope of the General Release is extremely broad and releases any claims arising from Household's conduct in connection with "home equity lines of credit". The Loan at issue is a home equity line of credit and thus, Plaintiff's decision to participate in the settlement facilitated by the Massachusetts Attorney General bars him from pursuing his claims against the Defendants. See Schuster v. Baskin, 354 Mass. 137, 140 (1968)(holding that the "release is broad and general" and barred plaintiff's claims). Our Supreme Judicial Court has clearly stated its position that a release must "be given effect, even if the parties did not have in mind all the wrongs which

existed at the time of the release. Naukeag Inn, Inc. v. Rideout, 351 Mass. 353, 356 (1966). Thus, any and all claims Plaintiff may have regarding the Loan are barred by the General Release.

(3.) Contract Law Fraud

4. Plaintiff executed a valid and enforceable Arbitration Rider.

Even if Plaintiff's claims were not barred by the General Release, he is required to submit any and all claims to arbitration pursuant to the terms of the Loan agreement and the incorporated Arbitration Rider. The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA") governs the enforcement of the Arbitration Rider.[5] See 9 U.C.C. § 2 (noting that the FAA applies to any "contract evidencing a transaction involving commerce to settle by arbitration . . "); DeLuca v. Stearns & Co., Inc., et al., 175 F.Supp. 2d 102, 106 (D.Mass. 2001)(noting the FAA governs the enforcement of most arbitration agreements). The United States Supreme Court has announced that public policy strongly favors arbitration and the enforcement of arbitration agreements "***notwithstanding any state substantive or procedural policies to the contrary***." Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24, 74 L.Ed. 2d 765, 103 S.Ct. 927 (1983)(emphasis added); see also Perry v. Thomas, 482 U.S. 483, 493, 107 S.Ct. 2520, 96 L. Ed. 2d 426 (1987)(holding FAA preempted California state statute regarding enforceability of arbitration agreement); Prima Paint Corp. v. Flood & Conklin, 388 U.S. 395, 404, 87 S.Ct. 1801, 1806, 18 L.Ed. 2d 1270, 1277 (1967)(noting courts must honor "the unmistakably clear congressional purpose that the arbitration procedure, when selected by the parties to a contract, be speedy and not subject to delay and obstruction in the courts."); see also, McGrew v. Kraft Patriots, Inc., 3 Mass. L. Rep. 316, 1995 Mass. Super. LEXIS 854, *6-9 (1995) (J.Connolly) (granting defendant's motion to enforce arbitration and stay proceedings in light of broad

[5] The Arbitration Rider provides that it is "made pursuant to a transaction involving interstate commerce, and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1 – 16 (the "FAA")."

language which required the parties submit "any dispute, claim, cause of action" to arbitration.). Thus, even if Plaintiff's unarticulated claims arise under state law, it would not impact the applicability of the FAA or the federal courts' and Congress's general policy of enforcement.

The FAA provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or equity for the revocation of any contract." Title 9 U.S.C. § 2. Thus, when presented with a valid arbitration agreement, the court must direct the parties to proceed to arbitration in accordance with the terms of their agreement. See Title 9 U.S.C. § 4. Given the "strong federal policy favoring arbitration . . . any doubt over whether a particular dispute is covered by an arbitration agreement should be resolved in favor of arbitration." Williams v. HealthAlliance Hosps., Inc., 158 F.Supp.2d 156, 159 (D.Mass.2001) (citing Moses, supra and AT&T Tech., Inc. v. Communications Workers, 106 S.Ct. 1415, 89 L.Ed.2d 648, (1986)); see PacifiCare Health Sys. v. Book, 123 S. Ct. 1531, 1536, 155 L. Ed. 2d 578, 584 (2003); Creative Solutions Group, Inc. v. Pentzer Corp., 252 F.3d 28, 32 (1st Cir. 2001). Here, the Plaintiff must submit to arbitration because he executed the Arbitration Rider which contains broad language and warrants a presumption of validity and enforcement.

Since Plaintiff failed to state a claim upon which relief may be granted, failed to name and serve the appropriate defendants, executed a General Release which effectively bars him from maintaining any action against the Defendants, failed to seek rescission within the applicable statute of limitations, and must submit all claims to arbitration in accordance with a valid and enforceable Arbitration Rider, he cannot show a reasonable likelihood of success on the merits and his application for preliminary injunction must be denied. See Siemens Building Tech., Inc. v. Div. of Capital Asset Mgt., 439 Mass. 759 (2003)(affirming superior court's denial of motion for preliminary injunction where claims were unlikely to succeed).

**B. Plaintiff Cannot Demonstrate A Substantial Risk Of Irreparable Harm.**

In order to be entitled to a preliminary injunction, Plaintiff must show he will incur a substantial risk of irreparable harm if the injunction does not issue. To prove a substantial risk of irreparable harm, Plaintiff must prove that has no adequate remedy at law. If money damages can compensate Plaintiff for is alleged loss, Plaintiff has an adequate remedy at law and an injunction may not issue. Boston City Council v. Menino, 2000 Mass. Super. LEXIS 161*26 (J.Burnes.)("Irreparable harm is a loss of rights that cannot be vindicated, should the party seeking an injunction prevail after a full hearing on the merits.")(citing Planned Parenthood supra at 710).

Here, it appears that Plaintiff is seeking to obtain a reduction of his principal balance as a result of Defendants' conduct. "The degree to which money can soothe the injury is a principal indicator of the irreparability of the harm." Westinghouse Broadcasting Co. v. New England Patriots Football Club, Inc., 10 Mass. App. Ct. 70, 72 (1980). Plaintiff has not even asserted that he will suffer substantial risk of irreparable harm if his request for preliminary injunction is denied. Since money damages will suffice to compensate Plaintiff if he ultimately prevails against Defendants, he cannot demonstrate he will be irreparably harmed if his request for relief is denied. Al Cass, Inc. v. Cassinelli, 1999 Mass. Super. LEXIS 50 (J.Toomey)(noting loss of money loss does not constitute an irreparable injury) (citing Foxboro Co. v. Arabian American Oil Co., 805 F.2d 34 (1st Cir., 1986)). This is particularly true in a case such as this where Plaintiff is current on his Loan and is not facing foreclosure.

**C. The Harm Defendants Will Suffer If An Injunction Issues Outweighs Any Alleged Harm To Plaintiff If The Injunction Is Denied.**

"[P]reliminary injunction is a drastic remedy that a court should not grant unless the movant, by a clear showing, carries the burden of persuasion. Knapik v. McGuire, 1999 Mass.

 mortgage

Super. LEXIS 209 (J. Hillman)(citing Charles Wright & Arthur Miller, 11 FED. PRACTICE & PROCEDURE, 2948, at pp. 129-30 (1995)). "[T]he purpose of a preliminary injunction is "only to preserve the status quo while the case is under consideration." Petricca Constr. Co. v. Commonwealth, 37 Mass. App. Ct. 392, 399 (1994)(citing Jet-Line Servs., Inc. v. Selectmen of Stoughton, 25 Mass. App. Ct. 645, 649-650 (1988)). The issuance of an injunction in this case would completely alter the debtor-creditor relationship between the parties. Since an injunction would change the status quo, Plaintiff's request must be denied.

Plaintiff has requested that all activity cease on the Loan. Presumably Plaintiff is seeking to block the accrual of interest during the pendency of this matter. Pursuant to the Loan agreement, Beneficial is entitled to the interest which continues to accrue on the Loan and is entitled to timely monthly payments from the Plaintiff. Since Plaintiff's Complaint is likely to be dismissed based upon the reasons set forth above, most notably due to the existence of the General Release, requiring Beneficial to forego its right to interest during the pendency of this action is unfair and would result in harm to Beneficial. If the Court denies Plaintiff's application for injunctive relief, Plaintiff would not be harmed because he is still free to pay off his Loan if he so chooses and to attempt to continue to pursue his claims (subject to the defenses raised by Defendants). Since the balance of harms cuts against Plaintiff, his application for injunctive relief must be denied. See Planned Parenthood, supra at 710 (noting only if balancing of "risks cuts in favor of the moving party may a preliminary injunction properly issue.")(internal citation omitted).

Plaintiff cannot demonstrate that he is likely to prevail on the merits, that he will suffer a substantial and immediate risk of irreparable harm if his request for relief is denied, or that the

risk of harm he may to bear is greater than the actual harm that Defendants will suffer if the injunction issues. Accordingly, Plaintiff's application for preliminary injunction must be denied.

## V. CONCLUSION

WHEREFORE, for the reasons set forth above, Defendants respectfully request that Plaintiff's Application for Preliminary Injunction be denied.

Defendants,
Beneficial Finance/
Household Retail Finance
By its Attorneys,
Shechtman Halperin Savage, LLP,

Christine L. DeRosa BBO# 641171
86 Weybosset Street
Providence, RI 02903
(401) 272-1400 phone
(401) 272-1403 fax

## CERTIFICATE OF SERVICE

I certify that the within Memorandum of Law in Support of Defendants' Objection To Plaintiff's Motion for Preliminary Injunction was served upon the following *pro se* Plaintiff by overnight mail, postage prepaid, on November 12, 2003:

William A. Storie
59 Crawford Road
Oakham, MA 01068

Christine L. DeRosa