UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM A. & MARITZA STORIE,<br>Plaintiffs,<br>VS.<br><br>HOUSEHOLD INTERNATIONAL, INC.,<br>BENEFICIAL FINANCE CORP.,<br>Defendants. | No. 03-40268-FDS |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION TO RECONSIDER CONTEMPT OF COURT ORDER AND REQUEST FOR SANCTIONS

Defendants, "Household International, Inc." and "Beneficial Finance Corp." ("Defendants")[1] hereby object to Plaintiffs' Motion to Reconsider Contempt of Court Order and Request for Sanctions. Defendants attach and incorporate by reference its Memorandum of Law in Support of Defendants' Objection to Plaintiffs' Motion for Leave. *See* Exhibit A attached. (Defendants will not reiterate the arguments previously made.) In addition, Defendants attach and incorporate by reference their Memorandum of Law in Support of their Motion to Dismiss which is pending with this Court.[2] *See* Exhibit B.

---

[1] As set forth in Defendants' pending Motion to Dismiss, Plaintiffs have failed to name or serve the proper legal entities. Although this Court lacks jurisdiction over the Defendants due to Plaintiffs' failure to name or serve the proper defendants, the defendants named by Plaintiffs have no choice but to respond to the Plaintiffs' motions. However, such response(s) are in no way a wavier of any of the defenses set forth in the Answer or the pending Motion to Dismiss.

[2] Defendants moved for dismissal under: (1) Fed. R. Civ. P. 12(b)(6) due to the execution of the Release and Settlement Agreement; the expiration of the applicable statute of limitations; the terms of a valid and enforceable mandatory arbitration agreement the parties entered into; and the fact that the Complaint, even as amended, fails to comport with the notice pleading requirements of Rule 8(a); Rule 12(b)(2) for lack of personal jurisdiction; Rule 12(b)(4) and (5) for insufficiency of process and insufficient service of process; and Rule 12(b)(7) for failure to join an indispensable party.

On or about November 18, 2004, this Court DENIED plaintiff's Motion for Contempt of Court Order and Request for Sanctions. *See* Exhibit C attached. In addition to the reasons set forth previously, (*see* Exhibit A), Plaintiffs' Motion to Reconsider should be denied as the motion is not timely, exceptional circumstances do not exist, and the Plaintiffs have presented no new evidence or controlling precedent to suggest that reconsideration is warranted.

## STANDARD FOR MOTION FOR RECONSIDERATION

The Federal Rules of Civil Procedure do not expressly recognize motions for reconsideration. *See Bass v. United States Dep't of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997); *see generally* Federal Civil Rules Handbook 2001, pp. 799-800, Steven Baicker-McKee. "Instead, such motions are treated typically as motions to alter or amend a judgment under Rule 59(e) or motions for relief from judgments or order under Rule 60(b). Often, whether a "reconsideration" motion is governed by Rule 59(e) or Rule 60(b) will depend on the date it is filed. If filed within the 10-day period set for Rule 59(e) motions, the "reconsideration" will be evaluated under Rule 59(e). *Id.* citing *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000); *Bass v. United States Dep't of Agriculture*, 211 F.3d. 959, 962 (5th Cir. 2000). Otherwise, the courts will examine the motion under Rule 60(b). *See United States v. Emmons*, 107 F.3d 762, 764 (10th Cir. 1997); *Small v. Hunt*, 98 F.3d 789, 797 (4th Cir.1996); *Helm v. Resolution Trust Corp.* 43 F.3d 1163, 1166 (7th Cir.1995); *Ford v. Elsbury,* 32 F.3d 931, 937 n.7 (5th Cir.1994). "Motions for reconsideration are not granted absent highly unusual circumstances." *See McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir.1999). Motions for reconsideration do not provide litigants with an opportunity for a "second bite at the apple" or allow them, like Emperor Nero, to "fiddle as Rome burns." *See Sequa Corp. v. GBJ Corp.*, 156 F.3d 136 (2d Cir. 1998); *Vasapolli v. Rostoff*, 39 F.3d 27, 36 (1st

Cir.1994)(Selya, J.). Such motions are not vehicles for re-litigating old issues. *See Servants of Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000); *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136 (2d Cir. 1998); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998). New arguments or new evidence are not considered on motions to reconsider where those arguments or evidence were available earlier. *See Landrau-Romero v. Banco Popular De Puerto Rico*, 212 F.3d 607, 612 (1st Cir. 2000); *Divane v. Krull Elec. Co.*, 194 F.3d 845, 850 (7th Cir.1999); Parton v. White, 203 F.3d 552, 556 (8th Cir.2000); Pacific Ins. Co. v. American Nat'l Fire Ins. Co., 148 F.3d 396 (4th Cir.1998); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998); *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F3d 1220, 1231 (3d Cir.1995); *Webber v. Mefford*, 43 F.3d 1340, 1345 (10th Cir.1994).

Because Plaintiffs failed to file their motion within 10 days it should be treated as a motion for relief from judgments or order under Rule 60(b). "Relief under Rule 60(b) is extraordinary in nature and motions invoking that rule should be granted sparingly." *Elie N. Karak et al. v. Bursaw Oil Corp. et al.*, 288 F.3d 15 (1st Cir.2002); *Teamsters, Chauffeurs, Warehousemen & Helpers Union, Local No. 59 v. Superline Transp. Co.*, 953 F.2d 17, 19-20 (1st Cir.1992); *Lepore v. Vidockler*, 792 F.2d 272, 274 (1st Cir. 1986). Thus, a party who seeks recourse under Rule 60(b) must persuade the trial court, at a bare minimum, that his motion is timely; that exceptional circumstances exist, favoring extraordinary relief; that if the order is set aside, he has a potentially meritorious claim or defense; and that no unfair prejudice will accrue to the opposing parties should the motion be granted. *Teamsters*, 953 F.2d at 20-21. In the case at bar, the Plaintiffs cannot meet this standard.

## **ARGUMENT**

In its Memorandum and Order on Plaintiffs' Motion for Contempt of Court Decision Order and Request for Sanctions ("Decision"), this Court found that:

> A complainant for civil contempt must prove by clear and convincing evidence that the alleged contemnor violated a clear and unambiguous court order. The test is whether the putative contemnor is able to ascertain *from the four corners of the order* precisely what acts are forbidden, a test which is *limited to an examination of the document's text*. Any ambiguities or uncertainties in the order must be resolved in favor of the party charged with contempt.

Memorandum and Order On Plaintiffs' Motion for Contempt of Court Order and Request for Sanctions dated November 18, 2004 (J. Saylor)(emphasis added)(internal citations omitted). Applying this test to the case at bar, this Court found that:

> [b]y its terms, the injunction expired on December 29, 2003, and *restrained only Mr. Storie's conduct*. It did not compel or forbid *any* action by defendants. [...] [T]he court order itself does not explicitly restrain defendants. [...] The Court declines to read additional terms into the injunction.

*Id.* (emphasis added). Plaintiffs have failed to offer any evidence or authority that would cause this Court to reconsider its decision.

It appears that Plaintiffs base their Motion to Reconsider on five grounds, none of which entitle Plaintiffs to any relief: (1) Plaintiffs' receipt of a document entitled "Notice of Negative Credit Reporting Disclosure" from the Defendants on or about November 8, 2004 constitutes new evidence sufficient for the Court to reconsider its decision; (2) F.R.C.P. Rule 19 somehow expands the scope of the injunction beyond the four corners of the order; (3) Plaintiffs' application for injunctive relief somehow expands the scope of the injunction beyond the four corners of the order; (4) Defendants are somehow equitably estopped because of Defendants' description of Plaintiffs' *application* for injunction (not even the court order); and (5) F. R.C.P. Rule 65(d) somehow expands the scope of the injunction beyond the four corners of the order.

4

(1) First Plaintiffs allege that there is new evidence based upon a notice sent on November 8, 2004 entitled "Notice of Negative Credit Reporting Disclosure". The disclosure reads: "We may report information about your account to credit bureaus. Late Payments, missed payments, or other defaults on your account may be reflected in your credit report." *See* Exhibit D attached. This statement was sent to *all* customers who were not receiving statements (on a "Do Not Mail" status) to comply with amendments to the Fair Credit Reporting Act (FCRA). Contrary to Plaintiffs' assertions, there is nothing harassing or untruthful about this disclosure. Most importantly, this Court has correctly ruled that the Order in question "expired on December 29, 2003, and restrained *only* Mr. Storie's conduct. It did not compel or forbid *any* action by defendants." Decision dated November 18, 2004 at 4. Based upon the Court's ruling, this alleged new evidence is irrelevant. The additional facts offered by plaintiffs do not change the fact that the injunction expired on December 29, 2003 and did not compel or forbid *any* action by defendants.

(2) Rule 19 of the Federal Rules of Civil Procedure is not applicable. As this Court is well aware, Rule 19 involves the joinder of parties needed for just adjudication. It has nothing to do with enlarging the scope of an injunction to encompass conduct not explicitly enjoined.

(3) & (4) Plaintiffs attempt to use the Defendants' summary of the Plaintiffs' *allegations* as proof of the intent of the Order. Plaintiffs ask this Court to rewrite the Order to include the wording of Plaintiffs' *application*. There is no precedent for any such expansion of a court order. "The test is whether the putative contemnor is able to ascertain *from the four corners of the order* precisely what acts are forbidden, a test which is *limited to an examination of the document's text.*" Decision dated November 18, 2004 at 4 (emphasis added). If that were not enough, Plaintiff next asks this Court to rewrite the Order to include Defendants' summary of Plaintiffs'

*requests* for injunction in Defendants' Memorandum of Law in Support of its Objection to Plaintiff's Application for Preliminary Injunction. This does not even reflect Defendants' understanding of the Order but merely Defendants' summary of Plaintiffs' requests. There is no precedent for any such expansion of a court order.

(5) Rule 65(d) of the Federal Rules of Civil Procedure does not support Plaintiffs' contentions. Rule 65(d) states:

> (d) Form and Scope of Injunction or Restraining Order. Every order granting an injunction order shall set forth the reasons for its issuance; *shall be specific in terms; shall describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained*; and is binding only upon the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise.

Federal Rules of Civil Procedure 65(d) (emphasis added). The Defendants do not dispute that they are bound by the Order to the extent it still exists. The issue is the conduct that was restrained. This Court correctly found that the injunction restrained only Plaintiff, William Storie's conduct. It did not compel or forbid any action by the Defendants. Rule 65(d) explicitly requires that orders specifically describe the acts sought to be restrained in the four corners of the order "not by reference to the complaint or other document" much less the Plaintiffs' request for injunction or Defendants' summary of the same.

## CONCLUSION

For these reasons, and those set forth in Defendants' Memorandum of Law in Support of Defendants' Objection to Plaintiffs' Motion for Leave (Exhibit A), as well Defendants' Memorandum of Law in Support of its Motion to Dismiss which is pending with this Court (Exhibit B), Defendants respectfully request that Plaintiffs' Motion To Reconsider Plaintiffs' Motion For Contempt be denied.

Defendants,
Household International, Inc. and
Beneficial Finance Corp.,
By their Attorneys,
Shechtman Halperin Savage, LLP,

_____
Gini Spaziano, Esq. BBO#637221
Dean J. Wagner, Esq. BBO# 633181
86 Weybosset Street
Providence, RI 02903
(401) 272-1400

## Certificate of Service

I certify that the within Memorandum of Law in Support of Defendants' Objection to Plaintiffs' Motion to Reconsider Contempt of Court Order And Request For Sanctions was served upon the following *pro se* Plaintiffs by first class mail, postage prepaid, on December 7, 2004:

William A. and Maritza Storie
59 Crawford Road
Oakham, MA 01068

_____
Dean J. Wagner, Esquire

7



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM A. & MARITZA STORIE,<br>    Plaintiffs,<br>VS.<br><br>HOUSEHOLD INTERNATIONAL, INC.,<br>BENEFICIAL FINANCE CORP.,<br>    Defendants. | No. 03-40268-NMG |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFFS' MOTION FOR LEAVE

Defendants, Household International, INC. and Beneficial Finance Corp., ("Defendants") submit this Memorandum of Law in support of their Objection to Plaintiffs' Motion For Leave.

### Introduction

Defendants will not belabor the facts of this case since they were presented in Defendants' Motion to Dismiss. However, for purposes of responding to Plaintiffs' Motion for Leave, Defendants will simply reiterate those undisputed facts which require an order dismissing this case.

Plaintiff, William Storie, entered into a secured Home Equity Credit Line Revolving Loan Agreement ("Loan") with Beneficial Massachusetts Inc. ("Beneficial") August 24, 2000, pursuant to which Beneficial opened a revolving credit line for William Storie with an initial credit limit of $37,000.[1] See Exhibit A to Defendants' Motion to Dismiss Memorandum. At the same time Mr. Storie executed the Loan, he also executed other Loan documents, including an Arbitration Rider which was incorporated by reference into the Loan. See Exhibit C to Defendants' Motion to Dismiss Memorandum. On or about August 23, 2003, Mr. Storie signed a Release and Agreement to Participate in Household-Beneficial Settlement ("Release") in favor

---

[1] Maritza Storie is not a party to the Loan agreement.

of the Defendants and returned it to the Attorney General as part of an opt-in class action captioned *Commonwealth of Massachusetts v. Household International Inc.*, C.A. 02-5604-C. Per the terms of the settlement agreement, Mr. Storie received a settlement check.[2] See Exhibits D and H to Defendants' Motion to Dismiss Memorandum.

More than three years after the closing of the Loan and subsequent to his execution of the Release, Mr. Storie filed suit in the Worcester Superior Court in October of 2003 against "Beneficial Finance/Household Retail Finance". Mr. Storie failed to name the entity with whom he entered into the Loan and failed to properly serve the named Defendant. Before Defendant responded to the Complaint, Mr. Storie amended his Complaint as a matter of right to add his wife as a party-plaintiff and to change the named Defendants to "Household International INC." and "Beneficial Finance Corp." as Defendants. He also articulated federal statutes, including TILA, as the basis for his claim. Defendants removed this matter to this Court since the matter involved a federal question.

Subsequent to the removal, Defendants timely filed a Motion to Dismiss or, in the Alternative, Motion to Compel Arbitration and Stay Litigation Pending Arbitration ("Motion to Dismiss"). As grounds for this Motion, Defendant sought dismissal because the claims are barred by the terms of the Release, the expiration of the applicable statute of limitations, and the terms of a valid and enforceable Arbitration Rider. See Exhibits C and D to Defendants' Motion to Dismiss Memorandum. Defendants also asserted that Plaintiffs failed to comport with the notice-pleading requirements of Fed. R. Civ. P. 8(a), failed to name or serve the proper

---

[2] The fact that Mr. Storie has chosen not to cash that check has no bearing upon the effect of the release. See Defendants' Motion to Dismiss Memorandum at p. 6 and Memorandum in Support of Defendants' Objection to Plaintiffs' Motion for Complaint Modification at pp. 4-7.

2

defendants,[3] and that the Court lacked jurisdiction over the Defendants.

By stipulation of the parties, Plaintiffs had up until and including February 20, 2004, within which to respond to Defendants' Motion to Dismiss. This Stipulation was based, in part, upon Plaintiffs' representation that they expected to retain counsel prior to the expiration of the extended response deadline. Apparently, no attorney has been willing to take on the Plaintiffs' case and therefore, Plaintiffs filed an Objection on their own behalf on February 20, 2004. Now, three weeks later, Plaintiffs claim they should be allowed to supplement their Objection due to "misleading evidence" presented by the Defendants. Defendants deny that they have misled the Court and assert that the additional information Plaintiffs seek to include in their Objection to Defendants' Motion to Dismiss is untimely, irrelevant, and unfairly prejudicial.

## Argument

Defendants can no longer remain silent in the face of Plaintiffs' allegations of fraud, misrepresentation, and deceit. Defendants have no choice but to respond and seek to prevent Plaintiffs from diverting this Court's attention from the pertinent issues and undisputed facts of the matter.[4] Plaintiffs point to minor differences between the Defendants' conformed "file" copy of the mortgage and the original mortgage of record as proof that they are entitled to relief.[5] This

---

[3] Specifically, Defendants sought dismissal under Rule 12(b)(6) for failure to state a claim due to the Release, expiration of the statute of limitations, misnomer, the existence and terms of the Arbitration Rider, and Plaintiffs' failure to comply with Rule 8(a); and further sought dismissal under Rule 12(b)(2) for lack of personal jurisdiction; under 12(b)(4) and (5) for insufficiency of process and insufficiency of service of process; and under 12(b)(7) for failure to join an indispensable party.

[4] Although Plaintiffs' Objection to Defendants' Motion to Dismiss contained inaccuracies, including a representation that defense counsel advised Plaintiffs how to serve the amended complaint, which counsel specifically and vehemently denies, Defendants chose not to engage in a point-by-point argument with Plaintiffs in an effort to maintain the focus of this matter on the only issues of import at this juncture- that is, whether Plaintiffs' Complaint fails to state a claim as a matter of law or is subject to dismissal.

[5] Beneficial's "file" copy indicates as such below the bar code on the last page. The "original" which was recorded likewise indicates that it is the original below the bar code of that document.

3

allegation does not in any way change the viability of the Motion to Dismiss pending before this Court.

First, the slight differences between Beneficial's conformed copy and the recorded copy have no bearing upon Defendants' right to relief by way of dismissal. Regardless of the legal basis for Plaintiffs' claims, they are barred by the terms of the Release. Plaintiff admitted that he executed the Release sent to him by the Attorney General and that he received a settlement check. The fact that he did not cash the check because he believes it is inadequate compensation does not in any way negate the effects of the Release. See Defendants' supporting Memoranda for Defendants' Motion to Dismiss at p. 6 and Objection to Plaintiffs' Motion for Complaint Modification at pp. 4-7. Moreover, Plaintiffs' claims under TILA, the only claim Defendants can make out in the Complaint, even as modified, is barred by the statute of limitations. It is undisputed that the date of the Loan was August 24, 2000, more than three years prior to the commencement of this suit. In addition, Defendants are entitled to dismissal based upon the additional grounds set forth in Defendants' Motion to Dismiss and Objection to Plaintiffs' Motion for Complaint Modification and supporting memoranda, which are incorporated by reference herein.

The fact that Beneficial's conformed "file" copy of the mortgage may differ slightly from the original mortgage is irrelevant. Compare Exhibit B to Defendants' Motion to Dismiss Memorandum with Exhibit A to Plaintiffs' Motion for Leave. A mortgage is simply an instrument which secures a loan and, when recorded, places the world on notice of such security interest. The fact that the recorded mortgage recites a term of 180 months and a periodic due date which differs from Beneficial's conformed copy does not in any way alter the terms of the Loan agreement. Only the Loan agreement itself, and any documents incorporated therein by

4

reference, govern the terms of the Loan and the parties' rights and obligations thereunder. The mortgage is simply an instrument which evidences Beneficial's security interest, while the Loan agreement is a contract which confers rights and obligations upon both parties.

Moreover, the portion of the mortgage to which the Plaintiffs refer is the "Request for Notice of Default and Foreclosure under Superior Mortgages or Deeds of Trust". This provision is nothing more than a request from Beneficial, the mortgagee, to other third-party lien holders, to receive notice in the event such third parties, with priority over Beneficial, declare the borrower in default or commence foreclosure proceedings. The only purpose of this mortgage provision is to provide Beneficial with some protection. By requesting that any priority lien holder provide Beneficial with notice of any default or foreclosure, Beneficial may have the opportunity to take the appropriate steps to protect its security interest. This provision does not confer any benefit, nor impose any obligation upon, the Plaintiffs and does not in any way affect the terms of the Loan agreement.

According to the Loan agreement, the due date and amounts are specified on monthly billing statements. Credit limits between $25,001 through $50,000 had a "Payment Factor" of 180 months. "Payment factor" is defined by the Loan agreement as:

> the time period in months during which, if each Payment Amount is paid on the Due Date specified on the billing statement, the Principal Balance and applicable Finance Charge will be fully repaid. The appropriate Payment Factor is determined with reference to the following schedule:

| Credit Limit | Payment Factor (months) |
|---|---|
| $0 through $25,000 | 120 |
| $25,001 through $50,000 | 180 |
| $50,001 through $100,000 | 240 |
| $100,001 and over | 360 |

See Exhibit A to Defendants' Motion to Dismiss Memorandum.

5

The Loan at issue had an initial credit limit of $37,000 and thus, the applicable Payment Factor was 180 months. The terms recited on the mortgage, whether the original or conformed copy, have no bearing on the Payment Factor or Plaintiff's responsibility to pay the amount due as set forth on the monthly billing statements. It appears that Plaintiffs' Motion is premised upon the mistaken assumption that a mortgage which secures a loan must contain all of the terms of that loan. This is simply not the case. The mortgage does not set the interest rate, payment term, or payment due dates. Only the Loan agreement sets forth those terms and is binding upon the parties. Thus, the fact that the recorded mortgage does not recite the Loan's interest rate is irrelevant. See Plaintiffs' Motion at p. 3. The fact that the actual due dates as set forth on the Plaintiff's monthly statements may differ from the periodic due date on the mortgage(s) is also irrelevant as the Loan agreement clearly states that the monthly billings statements will set the date on which the current payment is due.

Defendants have not misled the Court in any fashion regarding the terms of the Loan. Instead, Defendants provided the Court with a copy of the Loan agreement which speaks for itself. See Exhibit A to Defendants' Motion to Dismiss Memorandum. Contrary to the Plaintiffs' misinformed assertions, the recorded mortgage and Beneficial's conformed mortgage do not differ in any *material* respect. Certainly the issues raised in Plaintiffs' Motion for Leave do not in any way refute Defendants' position and entitlement to dismissal. See Defendants' memoranda in support of its Motion to Dismiss and Objection to Plaintiffs' Motion for Complaint Modification. Even if Plaintiffs' allegations that the mortgage was improperly altered were true, which allegation is specifically denied, this would not impact Defendants' entitlement to dismissal based on the existence of a Release, the expiration of the applicable statute of limitations and the other defenses related to insufficient service of process, lack of personal

6

jurisdiction, failure to join indispensable parties, and Plaintiffs' failure to comport with Fed. R. Civ. P. Rule 8(a).

As further grounds for this Objection, Defendants state that Plaintiffs' attempt to supplement their own Objection to Defendants' Motion to Dismiss is untimely. Defendants filed their Motion to Dismiss on January 13, 2004. Accordingly, Plaintiffs were initially required to file a response by January 27, 2004, in accordance with L.R. 7.1(B)(2). However, per Plaintiffs' request, Defendants agreed to extend the response deadline up until and including February 20, 2004, to allow Plaintiffs additional time to secure legal counsel. Apparently, Plaintiffs have been unsuccessful in retaining counsel and filed an Objection on their own behalf on February 20th. They had approximately 6 weeks to formulate a response. Allowing Plaintiffs' to supplement their Objection with spurious allegations of fraud, which necessitated this response and caused Defendants to incur additional legal fees, would do nothing more than detract from the consideration of the real issues at hand: namely the effect of the Release, the expiration of the statute of limitations, and the other defenses raised in Defendants' Motion to Dismiss, including the sufficiency of the Complaint. The proposed supplemental Objection does not support Plaintiffs' position in any way. Rather, it serves only to harass and disparage the Defendants without cause and thus, Plaintiffs' Motion for Leave should be denied.

WHEREFORE, for the reasons set forth above, Defendants respectfully request that Plaintiffs' Motion for Leave be denied.

Defendants,
Household International, INC. and
Beneficial Finance Corp.,
By their Attorneys,
Shechtman Halperin Savage, LLP,

_____
Preston W. Halperin BBO# 218170
Christine L. DeRosa BBO# 641171
86 Weybosset Street
Providence, RI 02903
(401) 272-1400

## Certificate of Service

I certify that the within Memorandum of Law in Support of Defendants' Objection to Plaintiffs' Motion for Leave was served upon the following *pro se* Plaintiffs by first class mail, postage prepaid, on March 17, 2004:

William A. and Maritza Storie
59 Crawford Road
Oakham, MA 01068

_____
Christine L. DeRosa, Esquire

8