UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM A. STORIE and MARITZA STORIE,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>HOUSEHOLD INTERNATIONAL, INC. )<br>and BENEFICIAL FINANCE CORP.,  )<br>)<br>Defendants.  ) | Civil Action No.<br>03-40268-FDS |

**MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO RECONSIDER**

SAYLOR, J.

Plaintiffs William and Maritza Storie, proceeding *pro se*, ask the Court to reconsider its November 18, 2004 decision denying their Motion and Amended Motion for Contempt and Request for Sanctions. For the reasons stated below, plaintiffs' motion to reconsider is denied.

On March 19, 2004, plaintiffs petitioned for contempt based on defendants' alleged violations of an injunction entered by the Superior Court prior to the removal of the case to this Court. That injunction, dated November 10, 2003, stated:

> It is **ORDERED** and **ADJUDGED** that upon payment to the clerk of the sum of $90.00, and until further order of the Court, the application under the prayers of the complaint is hereby granted; and the plaintiff William A. Storie is ordered not to make any payments to the defendant until after the hearing on November 17, 2003 @ 2:00 P.M. when this Court will hear further testimony.

The Superior Court later continued the injunction in effect to December 29, 2003.

On November 18, 2004, the Court denied plaintiffs' motion for contempt, concluding that

the injunction (1) expired before much of the allegedly contemptuous conduct occurred and (2) did not explicitly restrain defendants' conduct.

An order denying a petition for contempt, like any interlocutory order, is subject to reconsideration by the trial court. *See Perez-Ruiz v. Crespo-Guillen*, 25 F.3d 40, 42 (1st Cir. 1994). "When faced with a motion for reconsideration, a district court must balance the need for finality against the duty to render just decisions." *Davis v. Lehane,* 89 F. Supp. 2d 142, 147 (D. Mass. 2000). A motion for reconsideration of an interlocutory order should be granted only when the movant demonstrates (1) an intervening change in the law; (2) the discovery of new evidence not previously available; or (3) a clear error of law in the first order. *Id.*

Plaintiffs offer five reasons why the Court should reconsider its November 18 decision: the availability of "new evidence not previously available"; (2) Fed. R. Civ. P. 19 "joins Defendants as a party to the injunction"; (3) the initial application for the injunction supports a finding of contempt; (4) defendants should be estopped "regarding their understanding of the Injunction issued against them"; and (5) defendants are "in active concert with Plaintiffs" under Fed. R. Civ. P. 65(d). The Court will consider each of plaintiffs' theories in turn.

**1.      New Evidence**

Plaintiffs claim that there is new evidence, in the form of correspondence sent to them by defendants, that establishes defendants' contempt. Specifically, on November 8, 2004, plaintiffs allegedly received from a Beneficial office in Worcester a "Notice of Negative Credit Reporting Disclosure" that stated "We may report information about your account to credit bureaus. Late payments, missed payments, or other default on your account may be reflected in your credit report."

Even if true, this new evidence does not affect the conclusions expressed in the Court's November 18 decision—namely, that the injunction in question (1) expired before much of the allegedly contemptuous conduct occurred and (2) did not explicitly restrain defendants' conduct. Therefore, it does not provide grounds for reconsideration.

**2.      Fed. R. Civ. P. 19**

Plaintiffs rely on Fed. R. Civ. P. 19(a) to show that, notwithstanding the Court's conclusion to the contrary, the Superior Court injunction did restrain defendants' conduct. That rule provides a mechanism by which to add to the action certain parties who are needed for just adjudication but who are not yet joined. There is no question that defendants are parties to this action, properly or not; accordingly, Fed. R. Civ. P. 19(a) does not apply.

**3.      The Initial Application for the Injunction**

Plaintiffs further argue that the Court, in interpreting the preliminary injunction, should consider the application for the preliminary injunction that was filed in Superior Court. Plaintiffs draw the Court's attention to passages from the application that state "I hereby request that this court place a restraining order on Beneficial Finance/Household Retail Finance acct. # 521721-7-506554-0" and "I am asking the Court for an injunction ceasing all activity on this loan."

Plaintiffs apparently suggest that the relief sought in the application for the preliminary injunction was somehow incorporated by reference into the injunction itself. That is factually incorrect. Moreover, even if it were true, the injunction would run afoul of the rule that "the putative contemnor [must be] able to ascertain from the four corners of the order precisely what acts are forbidden." *Goya Foods, Inc. v. Wallack Mgmt. Co.*, 290 F.3d 63, 76 (1st Cir. 2002)

(quotation omitted).  Obviously, the application is outside the four corners of the injunction itself. Accordingly, the application does not provide a basis for reconsideration.

**4.      Equitable Estoppel**

Plaintiffs also contend that, "[a]fter the injunction was granted, Defendants presented a material and accurate understanding of the injunction" in a memorandum submitted to the Superior Court.  Thus, defendants wrote in that submission:

> As part of his Complaint, Plaintiff requested injunctive relief.  Specifically, Plaintiff requested that the outstanding principal balance on the loan be placed in escrow, that Defendants be restrained from taking any action on the loan, and that Defendants bear court costs for any order entered in response to his request.

Plaintiffs apparently suggest that, because defendants understood the various forms of relief sought by Mr. Storie, they should be estopped from denying that a portion of the sought relief became part of the ultimate injunction entered by the Superior Court.  This argument fails for the same reason as the last one: the test for determining precisely which acts are forbidden by a court order is limited to an examination of that document's text.  *Goya Foods*, 290 F.3d at 76.

**5.      Fed. R. Civ. P. 65(d)**

Finally, plaintiffs argue that, "as persons in active concert or participation with [parties to the action] who receive actual notice of the order by personal service or otherwise" under Fed. R. Civ. P. 65(d), defendants are enjoined from "aiding and abetting" plaintiffs to violate the injunction.  Specifically, plaintiffs observe:

> In essence, Defendant's [*sic*] are provoking Plaintiffs to feel that they must violate the most narrow interpreted terms of the injunction by their continued demands of payment, delinquent notices, illegally providing false information to credit reporting agencies, past due amount invoices.

The portion of Rule 65(d) that plaintiffs cite defines who is bound by an injunction or restraining order. Defendants do not dispute that, as parties to this action, they were bound by the order. Nevertheless, the injunction restrained the conduct of only Mr. Storie, and it cannot be the basis for a finding of contempt against defendants.

For the reasons stated above, plaintiffs' motion to reconsider is DENIED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge

Dated: January 25, 2005