

the court thus severed the ban on class actions and enforced the remainder of the arbitration agreement. The court reversed and remanded, and directed the trial court to strike the term that prohibited class arbitrations and to compel plaintiff to arbitrate her claims.

**July 200**

Home :: Recent Cases :: Case Archive :: Publications
Calendar of Events :: Contact Us :: Register :: Log In



# ARBITRATION RIDER
(Page 2 of 2)

THE PARTIES ACKNOWLEDGE THAT THEY HAD A RIGHT TO LITIGATE CLAIMS THROUGH A COURT BEFORE A JUDGE OR JURY, BUT WILL NOT HAVE THAT RIGHT IF EITHER PARTY ELECTS ARBITRATION. THE PARTIES HEREBY KNOWINGLY AND VOLUNTARILY WAIVE THEIR RIGHTS TO LITIGATE SUCH CLAIMS IN A COURT BEFORE A JUDGE OR JURY UPON ELECTION OF ARBITRATION BY EITHER PARTY.

You may contact, obtain the arbitration rules of, or file a Claim with NAF, AAA, or JAMS as follows:

| National Arbitration Forum | American Arbitration Association | J.A.M.S./Endispute |
|---|---|---|
| P.O. Box 50191 | 1150 Connecticut Ave, NW, 6th Floor | 700 11th St., NW, Suite 450 |
| Minneapolis, MN 55405 | Washington, DC 20036-4104 | Washington, DC 20001 |
| (800) 474-2371 | (800) 925-0155 | (800) 352-5267 |
| www.arb-forum.org | www.adr.org | www.jamsadr.com |
| Code of Procedure | Arbitration Rules for Consumer Related Disputes (Claims under $10,000). Commercial Arbitration Rules (all other claims). | Financial Services Arbitration Rules and Procedures. |

Borrower: _____

Print Name: _____

Borrower: _____

Print Name: _____

**LENDER**

By: _____

Date: _____

*S050A74BDP95HAR9000US024652C**STORIE    *    CUSTOMER COPY

## HOME EQUITY CREDIT LINE REVOLVING LOAN AGREEMENT (Page 4 of 6)

placement of this insurance and you will be charged for the full cost of the premium without reduction to benefit. If at any time after we have obtained this insurance, you provide adequate proof that you have suitably purchased the required coverage, we will cancel the coverage we obtained and credit any unearned premiums Account.

**Exchange of Information:** You understand that from time to time we may receive credit information concerning from others, such as stores, other lenders, and credit reporting agencies. You authorize us to share any information, on a regular basis, we obtain related to your Account, including but not limited to credit reports and insurance information, with any of our affiliated corporations, subsidiaries or other third parties. The uses of this information may include an inquiry to determine if you qualify for additional offers of credit. You also authorize us to share any information regarding your Account with any of our affiliated corporations, subsidiaries or other third parties. **You may prohibit the sharing of such information (except for the sharing of information about transactions or experiences between us and you) by sending a written request which contains your full name, Social Security Number and Address to us at P.O. Box 1547, Chesapeake, VA 23320.**

If you fail to fulfill the terms of your credit obligation, a negative report reflecting on your credit record may be submitted to a Credit Reporting Agency. You agree that the Department of Motor Vehicles (or your state's equivalent of such department) may release your residence address to us, should it become necessary to locate you. You agree that our supervisory personnel may listen to telephone calls between you and our representatives in order to evaluate the quality of our service to you.

**Changes in this Agreement:** We may change the terms of this Agreement if you consent or if such changes benefit you or are insignificant. We may change any amounts that we collect for taxes, property insurance, or credit insurance, if applicable. Prior written notice of changes will be given to you when required by applicable law. Changes may apply to both new and outstanding balances unless prohibited by applicable law. Termination of your credit limit will occur only as provided in the "Default and Cancellation of Agreement" and "Suspension or Reduction of Credit Privileges" paragraphs.

**Tax Deductibility:** You should consult a tax advisor regarding the deductibility of interest and charges for the credit line.

**Default and Cancellation of Agreement:** We have the right to terminate your Credit Line Account and to require you to pay your entire balance plus all other accrued but unpaid charges immediately because of:
  (a) failure to make two or more payments when due under this Agreement;
  (b) fraud or material misrepresentation in connection with the credit line, including failure to supply us with any material information requested or supplying us with misleading, false, incomplete or incorrect material information;
  (c) the filing of a bankruptcy petition by or against you accompanied by failure to make any payment when due under this Agreement;
  (d) the death of any borrower who signs this Agreement which adversely affects the property or our rights in the property securing this Agreement;
  (e) the institution of foreclosure proceedings or condemnation proceedings on the property or the institution of a trustee sale by a lienholder, or governmental seizure of the property;
  (f) the sale or transfer of any interest in the property securing this Agreement, without our consent (unless our consent is not required under your Mortgage);
  (g) the creation of a lien on the property if such lien adversely affects the property or our rights in the property securing this Agreement;
  (h) failure to maintain the property, failure to pay real estate taxes on the property, abandonment of the property, failure to keep the property insured, or any action which is a default under your Mortgage which adversely affects the property or our rights in the property securing this Agreement; or
  (i) any other action or inaction you take that adversely affects the property or our rights in the property securing this Agreement.

After default, you will pay our court costs, reasonable attorney fees (if attorney is not our salaried employee), and other collection costs related to the default, if not prohibited by applicable law.

Any balance outstanding under this Agreement when the credit limit is terminated will continue to accrue interest at the contract rate until paid in full. You agree to pay interest on any judgment at the contract rate.

**Suspension or Reduction of Credit Privileges:** We have the right to prohibit additional advances or extensions of credit and to reduce the credit limit applicable to this Agreement if:

NOTICE: SEE THE FOLLOWING PAGES FOR ADDITIONAL PROVISIONS AND IMPORTANT INFORMATION REGARDING YOUR RIGHTS TO DISPUTE BILLING ERRORS.

01-24-00 F RE
2ND MTG

MAB57914



*S050A74BDP95RLA9000MAB57914C**STORIE    *    CUSTOMER COPY



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In re: Household Lending Litigation

Case No. 02-1240 CW
(Consolidated with Case Nos. 02-4867, 02-2529, 02-4646, 02-5520)
The Honorable Claudia Wilken

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT AND SETTLEMENT HEARING**

TO: ALL CURRENT AND FORMER BORROWERS OF HOUSEHOLD FINANCE CORPORATION, HOUSEHOLD INTERNATIONAL, INC., BENEFICIAL CORPORATION, HOUSEHOLD INSURANCE GROUP, HOUSEHOLD REALTY CORPORATION, OR THEIR DIRECT OR INDIRECT PARENTS OR SUBSIDIARIES (COLLECTIVELY, "HFC/BENEFICIAL"), WHO

(A) ON OR AFTER JANUARY 1, 1999, AND ON OR BEFORE DECEMBER 24, 2003, ENTERED INTO A REAL ESTATE SECURED LOAN ORIGINATED OR PROCESSED AT A RETAIL CONSUMER LENDING BRANCH OF HFC/BENEFICIAL WITHIN THE UNITED STATES; OR

(B) ON OR AFTER JANUARY 1, 1998, BUT BEFORE JANUARY 1, 1999, ENTERED INTO A REAL ESTATE SECURED LOAN ORIGINATED OR PROCESSED AT A RETAIL CONSUMER LENDING BRANCH OF HFC/BENEFICIAL IN CALIFORNIA, MASSACHUSETTS, WASHINGTON, PENNSYLVANIA, NEW JERSEY, MINNESOTA, MAINE OR MICHIGAN.

IF YOU MEET EITHER DESCRIPTION ABOVE, YOU ARE AUTOMATICALLY A MEMBER OF THE "SETTLEMENT CLASS" AND THIS NOTICE MAY AFFECT YOUR RIGHTS. PLEASE READ IT CAREFULLY! IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS AND YOU DO NOT "OPT OUT" OF THE SETTLEMENT AS DESCRIBED IN THIS NOTICE, YOU WILL BE BOUND BY THE SETTLEMENT (IF APPROVED) AND LOSE ANY RIGHT TO SUE ON THE CLAIMS THAT ARE SETTLED.

1. Why should I read this Notice?
2. What are these lawsuits about?
3. How does this Settlement relate to the settlement between HFC/Beneficial and my state Attorney General and/or regulators?
4. Who is covered by the proposed Settlement?
5. What are the terms of the proposed Settlement?
6. How will the Settlement funds be distributed?
7. What do I need to do to participate in the Settlement?
8. Can I exclude myself from the Settlement ("Opt Out")?
9. Why, when and where will a Fairness Hearing be held? Can I object to the Settlement?
10. Who represents the Plaintiffs?
11. What are Plaintiffs' Counsel's reasons for the Settlement?
12. How will Plaintiffs' Counsel's fees and expenses be paid?
13. Are any individual borrowers receiving additional compensation?
14. What claims will be released if the Settlement is approved by the Court?
15. What if the Settlement is not approved by the Court?
16. Where do I get additional information?
17. What are the relevant dates?

**1. WHY SHOULD I READ THIS NOTICE?**

This Notice has been mailed to you because you may be a member of the Settlement Class. If you are, you (and any co-borrowers on your loan(s)) may be eligible to receive money from a proposed Settlement of lawsuits filed against HFC/Beneficial, described below. Please share this Notice with any co-borrowers on your loan(s). This Notice describes the lawsuits against HFC/Beneficial, your rights under the proposed Settlement, and the date and time of a Fairness Hearing that will be held by the United States District Court for the Northern District of California to consider the fairness of the proposed Settlement. Although the Fairness Hearing is proceeding in California, the proposed Settlement covers HFC/Beneficial borrowers nationwide.

**IMPORTANT NOTE: Your obligation to make payments on your current loan(s) is not affected by this Settlement. You must continue to make your regular payments as they become due.**

**2. WHAT ARE THESE LAWSUITS ABOUT?**

Several lawsuits have been filed against HFC/Beneficial in different parts of the country by various individual borrowers, including representative borrowers suing on behalf of a putative nationwide class of borrowers, and by the Association of Community Organizations for Reform Now ("ACORN") (collectively, the "Plaintiffs"). These lawsuits seek money damages and other relief from HFC/Beneficial.

An Amended Consolidated Class Action Complaint has been filed in this case, *In re: Household Lending Litigation* (the "Nationwide Lending Class Action"), which consolidates all the claims made by the Plaintiffs. In summary, the Nationwide Lending Class Action alleges that HFC/Beneficial engaged in improper practices regarding the marketing, processing and administration of certain real estate secured loans. The Nationwide Lending Class Action includes claims for alleged violations of the federal Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"), the Home Equity Loan Consumer Protection Act, 15 U.S.C. § 1637 ("HELCPA"), and the Truth in Lending Act, 15 U.S.C. §§ 1601 et seq. ("TILA"), as well as claims under various state laws (including the laws of Illinois, Massachusetts and California) for violation of unfair competition and false advertising statutes, fraud, negligent misrepresentation, and unjust enrichment.

HFC/Beneficial vigorously denies and has denied all claims asserted in the Nationwide Lending Class Action and in all related cases, denies all allegations of wrongdoing and liability, and denies that anyone was harmed by the conduct alleged. HFC/Beneficial nevertheless has agreed to settle the Nationwide Lending Class Action on the agreed terms and conditions solely for the purpose of avoiding the burden, expense, risk and uncertainty of continuing the legal proceedings, and for the purpose of putting to rest the controversies engendered.

The parties have reached agreement on a recommended Settlement of the Nationwide Lending Class Action, as summarized below. The Settlement, if approved, would resolve all litigation nationwide involving members of the Settlement Class and the matters alleged in the Nationwide Lending Class Action, whether or not the litigation is specifically identified in the Settlement Agreement or in this Notice. Litigation that would be resolved by this Settlement includes, but is not limited to, ACORN v. Household International, Inc. (In re Household Lending Litigation), United States District Court for the Northern District of California Case No. C 02-1240; Vega v. Household International, Inc., Alameda County (California) Superior Court Case No. C2002-044158; Leigh v. Household International, Inc., United States District Court for the Northern District of California Case No. C 02-4867; Blunt v. Household International, Inc., United States District Court for the Northern District of California Case No. C 02-4646; Thomason v. Household International, Inc., Alameda County (California) Superior Court Case No. 2002-044921 (later removed to the United States District Court for the Northern District of California); Bell v. Household International, Inc., Cook

Form G3641

County (Illinois) Circuit Court Case No. 02CH8640; Masterson v. Beneficial Massachusetts, Inc., United States District Court for the District of Massachusetts Case No. 02-CV-10647 RCL; Sullivan v. Beneficial Massachusetts, Inc., Suffolk County (Massachusetts) Superior Court Case No. 02-3613; Cross v. Household International, Inc., United States District Court for the Southern District of Ohio Case No. C-3-01-00463 WHR. **The Court has expressed no opinion on the merits of the claims that would be settled if the proposed Settlement is approved.**

**3.    HOW DOES THIS SETTLEMENT RELATE TO THE SETTLEMENT BETWEEN HFC/BENEFICIAL AND MY STATE ATTORNEY GENERAL AND/OR REGULATORS?**

This is a consolidated private class action, separate from claims asserted by the Attorneys General and/or regulators in the 50 states and the District of Columbia, which were settled effective December 15, 2002 (the "AG Settlement"), although the claims asserted in the Nationwide Lending Class Action are substantially similar to the claims that are the subject of the AG Settlement. The relief provided in the proposed Settlement of the Nationwide Lending Class Action supplements the relief established by the AG Settlement. With the exception of the Foreclosure Avoidance Program and the business practices changes described below, relief under this Settlement is available only for borrowers who did NOT receive a payment from the AG Settlement. IF YOU RECEIVED MONEY IN THE AG SETTLEMENT, YOU ARE NOT ELIGIBLE TO CLAIM MONEY AGAIN IN THIS CLASS ACTION SETTLEMENT.

**4.    WHO IS COVERED BY THE PROPOSED SETTLEMENT?**

You are covered by this Settlement if you meet the definition of the Settlement Class and do not timely request exclusion ("opt out") from the Class in the manner described in Section 8, below. The Settlement Class is defined as including all current and former borrowers of HFC/Beneficial, or direct or indirect parents or subsidiaries of HFC/Beneficial, who either (A) on or after January 1, 1999, and on or before December 24, 2003, entered into a real estate secured loan originated or processed by one of HFC/Beneficial's retail consumer lending branches within the United States; or (B) on or after January 1, 1998, but before January 1, 1999, entered into a real estate secured loan originated at a retail consumer lending branch of HFC/Beneficial in California, Massachusetts, Washington, Pennsylvania, New Jersey, Minnesota, Maine or Michigan. However, if you received money under the AG Settlement, you are not eligible to claim monetary benefits in this Settlement. All HFC/Beneficial borrowers meeting specified criteria may be eligible, however, to participate in the Foreclosure Avoidance Program established by this Settlement, and business practice changes agreed to in the Settlement apply to certain current and future HFC/Beneficial real estate secured loans.

**5.    WHAT ARE THE TERMS OF THE PROPOSED SETTLEMENT?**

Terms of the Settlement include the following:

(1) Borrowers who have not obtained money from the AG Settlement and whose loans originated between January 1, 1998 and December 31, 1998 (inclusive), are eligible to claim a settlement payment of $750 if their loan originated in California, Massachusetts, or Washington, or $500 if their loan originated in Pennsylvania, New Jersey, Minnesota, Maine or Michigan.

(2) Borrowers who have not obtained money from the AG Settlement and whose loans originated or were processed on or after January 1, 1999, and whose loans were repaid or otherwise terminated on or before the end of the Settlement Class period, December 24, 2003, are eligible to claim a settlement payment of $500 per loan.

(3) Borrowers who have not obtained money from the AG Settlement and whose loans were processed but not originated by HFC/Beneficial on or after January 1, 1999, and were still outstanding as of the end of the Settlement Class period, December 24, 2003, are eligible to claim a settlement payment of $500 per loan.

(4) A special $3,000,000 Fresh Start Program will be established to fund home loans for eligible borrowers and former borrowers who have lost their homes through foreclosure by HFC/Beneficial and who do not have an existing home mortgage from any lender. Other limitations on eligibility for this program also apply.

(5) A Foreclosure Avoidance Program will make up to $72 million in interest rate reductions and other loan modification benefits available to eligible borrowers who are in default on their HFC/Beneficial loans or at risk of foreclosure, and who meet specified criteria. Limitations on eligibility for this program apply.

(6) A "Good Payment" Program will provide either reduced interest rates or a one-time payment to eligible HFC/Beneficial borrowers with closed-end real estate secured loans who, on the date this Settlement becomes effective, have made 12 consecutive on-time loan payments and to eligible borrowers who make future on-time payments. This program is available only to those Settlement Class Members who are not already participants in HFC/Beneficial's Pay Right Rewards Program and who have not obtained money from the AG Settlement. This program also is not available for open-end loans or personal home loans.

(7) Settlement Class Members who have not obtained money from the AG Settlement will be provided notice of their right to cancel any credit insurance policy obtained with their loan and to receive a refund of the unearned premium in accordance with applicable state law.

(8) HFC/Beneficial has agreed to certain business practice changes regarding real estate secured loans, which will benefit Settlement Class Members whether or not they have participated in the AG Settlement. The business practice changes are described in detail on the claims administrator's website, www.hblsettlement.com.

(9) HFC/Beneficial will provide ACORN with three years of funding (totaling $6,000,000) for financial counseling and literacy programs in thirty-five cities.

The complete details of the proposed Settlement are contained in a Settlement Agreement (also called a Stipulation and Agreement of Settlement) that is on file with the Court. (See Section 16 below for more details.) The proposed Settlement must be approved by the Court, and will only be approved if the Court determines that it is fair, adequate and reasonable. The proposed Settlement will only become effective if it is approved by the Court. A complete copy of the Settlement Agreement is available on the Settlement Administrator's website at www.hblsettlement.com.

**6.    HOW WILL THE SETTLEMENT FUNDS BE DISTRIBUTED?**

This is a summary of the process by which Settlement funds will be distributed; complete details are contained in the Settlement Agreement on file with the Court. (See Section 16 below for more details.)

Borrowers who may be entitled to monetary payments under categories (1), (2), (3) or (6) in Section 5 above will be required to submit claim forms to the Settlement Administrator, HBL Settlement Administrator, P.O. Box 2995, Portland, OR 97208-2995. Claim forms will not be distributed until after the Settlement is approved by the Court and the Settlement is effective. YOU DO NOT NEED TO DO ANYTHING AT THIS TIME. After claims are submitted, the Settlement Administrator will determine which claims will be paid. The Settlement Agreement describes a process to request reconsideration of any denied claim.

A Task Force, with participation from both HFC/Beneficial representatives and Plaintiffs' Counsel, has established criteria for participation in the Foreclosure Avoidance Program. The same Task Force will establish criteria for participation in the Fresh Start Program (under which applications will be required within the first year following the Settlement's effective date). Under the Good Payment Rewards Program, interest rate reductions for eligible borrowers will be applied automatically, while the one-time payments will be made after claims have been determined by the Settlement Administrator to be valid.

7. **WHAT DO I NEED TO DO TO PARTICIPATE IN THE SETTLEMENT?**

You do not have to do anything right now. Watch your mailbox for further notices from the Settlement Administrator, HBL Settlement Administrator, P.O. Box 2995, Portland, OR 97208-2995. However, if you change your address, please notify the Settlement Administrator by writing to: HBL Settlement Administrator, P.O. Box 2995, Portland, OR 97208-2995.

8. **CAN I EXCLUDE MYSELF FROM THE SETTLEMENT ("OPT OUT")?**

Yes, you may "opt out" and exclude yourself from the Settlement Class. If you opt out, you will not receive any payment pursuant to the Settlement, and you will not be bound by the Final Approval Order and Judgment which may be entered dismissing these lawsuits against the Defendants. If you opt out, you will be free to pursue whatever legal rights you may have by pursuing your own lawsuit against the Defendants at your own risk and expense. In order to opt out and exclude yourself from the Settlement Class, you must mail a "Request for Exclusion" to the Settlement Administrator at HBL Settlement Administrator, P.O. Box 2995, Portland, OR 97208-2995. Your Request for Exclusion must be in writing and postmarked by April 9, 2004. To be effective, a Request for Exclusion must contain: (a) the name of this case (In re: Household Lending Litigation, Case No. 02-1240 CW, U.S. District Court, Northern District of California"); (b) your name, address and telephone number; (c) information identifying your loan or loans, such as the loan number, date of loan, amount of loan, and address of the property; (d) a statement that you and all other borrowers named on your promissory note are seeking exclusion; and (e) your signature and the signature of all other borrowers named on the promissory note. If the Request for Exclusion is not postmarked by the deadline, you will be included automatically in the Settlement Class and you may be eligible to receive Settlement payments as summarized above. You also will be legally bound by the proposed Settlement, including provisions releasing the Defendants, as more fully described below and in the Settlement Agreement, if you do not submit a Request for Exclusion or if your Request for Exclusion is postmarked after the deadline.

9. **WHY, WHEN AND WHERE WILL THE FAIRNESS HEARING BE HELD? CAN I OBJECT TO THE SETTLEMENT?**

A hearing will be held before the Honorable Claudia Wilken of the United States District Court for the Northern District of California, Courtroom 2, 4th Floor, 1301 Clay Street, Oakland, California, on April 30, 2004, at 10:00 a.m. (the "Fairness Hearing"). There is no need for you to attend the Fairness Hearing if you wish to participate in the proposed Settlement. The purpose of the Fairness Hearing is to determine, among other things: (a) whether the terms and conditions of the Settlement are fair, adequate and reasonable; (b) whether, for settlement purposes, the Nationwide Lending Class Action should be certified as a class action; (c) whether Plaintiffs' Counsel are entitled to attorneys' fees and, if so, how much; (d) whether the additional incentive awards (described in Section 13 below) should be approved, and if so, for how much; and (e) whether the Final Approval Order and Judgment should be entered dismissing the Nationwide Lending Class Action with prejudice and on the merits against the Plaintiffs and all Settlement Class Members (except for those persons who timely and properly request to be excluded from the Settlement). The Court has the power to adjourn or reschedule the Fairness Hearing from time to time without further notice of any kind. Any Settlement Class Member who does not request exclusion from the Settlement Class may move the Court for permission to appear as a named Settlement Class co-representative.

You are permitted to object to the Settlement. Any Settlement Class Member who has not filed a timely written request for exclusion and who wishes to object to the proposed Settlement must provide to Plaintiffs' Counsel and Defendants' Counsel, and file with the Court, no later than April 9, 2004, or as the Court may otherwise direct, a statement of his/her objection, as well as a specific statement in support of each objection. You may attend the Fairness Hearing, either alone or with an attorney, but you must pay for your own attorney if you choose to have your own attorney.

The pertinent addresses are:

(i) Plaintiffs' Counsel:

| | | |
|---|---|---|
| Joseph P. Cotchett, Jr.<br>Niall P. McCarthy<br>Charles E. Tillage<br>Cotchett, Pitre, Simon & McCarthy<br>San Francisco Airport Office Center<br>840 Malcolm Road, Suite 200<br>Burlingame, CA 94010 | Sarah E. Siskind<br>Charles Barnhill<br>William P. Dixon<br>Elizabeth J. Eberle<br>Miner, Barnhill & Galland, P.C.<br>44 E. Mifflin Street, Suite 803<br>Madison, WI 53703 | John Roddy<br>Gary Klein<br>Grant & Roddy<br>44 School Street<br>Boston, MA 02108 |

(ii) Defendants' Counsel:

| | |
|---|---|
| Julia B. Strickland<br>Stephen J. Newman<br>Andrew W. Moritz<br>Stroock & Stroock & Lavan LLP<br>2029 Century Park East Suite 1800<br>Los Angeles, CA 90067-3086 | Jonathan P. Hayden<br>Anna S. McLean<br>Heller Ehrman White & McAuliffe<br>333 Bush Street<br>San Francisco, CA 94104-2878 |

Form G3643

(iii) The Court:

U.S. District Court
Northern District of California
Clerk of Court
1301 Clay Street
Oakland, California 94612-3483


"Ex parte objection to Settlement" File To

Any Settlement Class Member who does not comply with these requirements will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed Settlement.

**10. WHO REPRESENTS THE PLAINTIFFS?**

The Settlement Class is represented by:

Joseph P. Cotchett, Jr.
Niall P. McCarthy
Charles E. Tillage
Cotchett, Pitre, Simon & McCarthy
San Francisco Airport Office Center
840 Malcolm Road, Suite 200
Burlingame, CA 94010

Sarah E. Siskind
Charles Barnhill
William P. Dixon
Elizabeth J. Eberle
Miner, Barnhill & Galland, P.C.
44 E. Mifflin Street, Suite 803
Madison, WI 53703

John Roddy
Gary Klein
Grant & Roddy
44 School Street
Boston, MA 02108

Gilmur R. Murray
Derek G. Howard
Murray & Howard, LLP
436 14th Street, Suite 1413
Oakland, CA 94612

Arthur W. Lazear
Hoffman & Lazear
180 Grand Avenue, Suite 1550
Oakland, CA 94612

Thomas A. Jenkins
Daniel J. Mulligan
Jenkins & Mulligan
660 Market Street
3rd Floor
San Francisco, CA 94104

**11. WHAT ARE PLAINTIFFS' COUNSEL'S REASONS FOR SETTLEMENT?**

Plaintiffs' Counsel have agreed to settle the Nationwide Lending Class Action after considering, among other things, (i) the substantial benefits available to Plaintiffs and the Settlement Class under the terms of the Settlement Agreement; (ii) the attendant risks, difficulties, delays and resulting uncertainties of litigation, especially in complex litigation such as this, and even more especially in the light of the AG Settlement reached by HFC/Beneficial last year; and (iii) the desirability of consummating the Settlement promptly to provide effective relief to Plaintiffs and the Settlement Class, and to supplement the benefits of the AG Settlement. This Court has not ruled on the merits of the claims or defenses in this case, and HFC/Beneficial has denied and continues to deny each and all of the claims and contentions alleged in the Nationwide Lending Class Action.

**12. HOW WILL PLAINTIFFS' COUNSEL'S FEES AND EXPENSES BE PAID?**

Plaintiffs' Counsel will make an application to the Court for approval of an award of attorneys' fees and expenses in the Nationwide Lending Class Action, in an amount not to exceed $16,000,000. The attorneys' fees and expenses approved by the Court will be paid by HFC/Beneficial separately, and will in no way reduce the money or other benefits available to the Settlement Class.

**13. ARE ANY INDIVIDUAL BORROWERS RECEIVING ADDITIONAL COMPENSATION?**

Subject to Court approval, HFC/Beneficial will pay the individual representative plaintiffs in the Nationwide Lending Class Action (the "Named Plaintiffs") incentive awards up to $10,000 each for their active participation in this litigation (up to a total payment of $300,000). In addition, and also subject to Court approval, HFC/Beneficial will make payments of $1,000 per borrower, up to a maximum of 750 borrowers (up to a total of $750,000), whom counsel for the Named Plaintiffs and ACORN have identified as having made a substantial contribution to the pursuit of this litigation ("Active Participants"). These payments to the Named Plaintiffs and the Active Participants will not be affected by these individuals' participation in the AG Settlement. The benefits will also be paid by HFC/Beneficial separately and will in no way reduce the money or other benefits available to the Settlement Class.

**14. WHAT CLAIMS WILL BE RELEASED IF THE SETTLEMENT IS APPROVED BY THE COURT?**

If the Court approves the proposed Settlement, the Settlement will be legally binding on all Settlement Class Members, including any objecting Settlement Class Members, who do not request exclusion from the Settlement Class. The proposed Settlement will release and discharge HFC/Beneficial and related persons and entities from all known and unknown claims by Settlement Class Members based on HFC/Beneficial's real estate secured lending practices, except that a borrower's claims will not be released to the extent that they may be asserted as defenses to a foreclosure action.

If you or someone acting on your behalf is currently litigating similar claims against HFC/Beneficial either individually or as part of a class, you may be barred from pursuing such claims if you do not timely request exclusion from the Settlement Class. (See Section 8 above.) YOU MAY WISH TO CONSULT WITH AN ATTORNEY CONCERNING YOUR RIGHTS. The release which will bind all Settlement Class Members is set forth in the Settlement Agreement on file with the Court and provides:

A.     In exchange for the substantial consideration provided pursuant to this Settlement, including without limitation the economic benefits and business practice changes, Plaintiffs and all Settlement Class Members, including but not limited to the Named Plaintiffs, are hereby deemed to have released (on behalf of themselves and their respective spouses, heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest and assigns) Household Finance Corporation, Beneficial Corporation, Household Group, Inc., HIG Holding Co., Household Realty Corporation, and Household International, Inc. (collectively, and including each and all of their direct and indirect parents, subsidiaries, affiliates and related entities, "HFC/Beneficial"), and each and all of their officers, directors, managers, employees, agents, attorneys, vendors (including processing facilities), entities on whose behalf they process loans, successors, predecessors-in-interest and assigns (together, the "Released Parties") from all claims, causes of action or liabilities which any and all Settlement Class Members may have or have had as of December 24, 2003, including without limitation, in contract, in tort (including but not limited to personal injury and emotional distress), statute, regulation or common law,

Form G3644

whether in an arbitration, administrative or judicial proceeding, whether known or unknown, suspected or unsuspected, threatened or unasserted, actual or contingent, liquidated or unliquidated, that arise from or are related to the matters alleged in the Nationwide Lending Class Action, the Private Lawsuits and/or by reason of the following practices by the Released Parties in connection with real estate secured loans originated or processed by HFC/Beneficial or any subsidiary or parent, whether direct or indirect, of HFC/Beneficial during the Class Period (January 1, 1998 through December 24, 2003, inclusive): the Released Parties' conduct with respect to multiple real estate secured loans originated by the Released Parties that are or were made at or near the same date to the same borrower (i.e., "split loans"), loan points and origination fees, interest rates, monthly payment amounts, single premium credit and other insurance products, prepayment penalties, loans offered through a negotiable check (i.e., "Live Checks"), home equity lines of credit, loan billing practices relating to simple interest calculations, balloon payments, payoff information, non-English language documentation, and net tangible benefit in loan refinancing (collectively, the "Released Claims"). Notwithstanding this release, a Settlement Class Member may assert any claim or defense that may exist with respect to a loan with HFC/Beneficial in response to a judicial or threatened non-judicial foreclosure, including those related to the lending practices listed in this release; however, the Released Claims cannot form the basis for an affirmative monetary recovery against the Released Parties or any of them. Additionally, claims asserted in the Third Amended Complaint in the action captioned *Thomas W. Menzel, et al. v. Beneficial Loan & Thrift Co., et al.*, Hennepin County (Minnesota) District Court Case No. CT 00-6884 ("*Menzel*"), are not subject to the foregoing release, but only to the extent such claims are not asserted in the Nationwide Lending Class Action which is the subject of the Settlement Agreement.

B.      Without limiting the foregoing, the Released Claims specifically extend to claims that the Settlement Class Members did not know or suspect to exist in their favor as of December 24, 2003. As of December 24, 2003, Plaintiffs and all Settlement Class Members are deemed to have waived the protection of Section 1542 of the California Civil Code and all other similar principles of law or equity, whether embodied in statute, regulation, case law or otherwise. Section 1542 of the California Civil Code provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

Plaintiffs, on behalf of themselves individually and in their representative capacities, and all Settlement Class Members are deemed to understand and acknowledge the significance of this waiver of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waiver and relinquishment, Plaintiffs, on behalf of themselves individually and in their representative capacities, and all Settlement Class Members are deemed to acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement Agreement, but that it is their intention to release fully, finally and forever all Released Claims, and in furtherance of such intention, the release of the Released Claims will be and remain in effect notwithstanding the discovery or existence of any such additional or different facts.

## 15. WHAT IF THE SETTLEMENT IS NOT APPROVED BY THE COURT?

If the proposed Settlement is not approved by the Court as being fair, adequate and reasonable, the Settlement Agreement will be null and void, and all parties will be returned to their respective pre-Settlement status in the various lawsuits that the proposed Settlement hopes to resolve.

## 16. WHERE DO I GET ADDITIONAL INFORMATION?

This Notice is only a summary of the proposed Settlement and does not describe all of the details of the Settlement Agreement and other papers filed in these lawsuits. Accordingly, Settlement Class Members are referred to the Settlement Agreement and the other documents filed with the Court in this case, all of which are available for inspection at the office of the Clerk of the United States District Court for the Northern District of California, 1301 Clay Street, Oakland, California. A copy of the Settlement Agreement can be obtained by writing the Settlement Administrator at HBL Settlement Administrator, P.O. Box 2995, Portland, OR 97208-2995 or on the Settlement Administrator's website at www.hblsettlement.com.

## 17. WHAT ARE THE RELEVANT DATES?

If you wish to participate in this proposed Settlement and obtain benefits under it, you do not need to do anything now. Claim forms will be distributed to eligible Settlement Class Members no later than 14 days after the "Effective Date" of the Settlement, as defined in the Settlement Agreement. If you wish to request exclusion from the Class or appear at the Fairness Hearing, these are the relevant dates:

- Deadline for mailing Request for Exclusion (opt-outs): April 9, 2004.
- Deadline for filing and serving notice of appearance or objection: April 9, 2004.
- Date of Fairness Hearing: April 30, 2004.

This Notice provides only a summary of matters about these lawsuits. **COMPLETE DETAILS ABOUT THE SETTLEMENT ARE CONTAINED IN THE SETTLEMENT AGREEMENT ON FILE WITH THE COURT.** You may seek the advice and guidance of your own private attorney, at your own expense, if you wish. You may also contact Plaintiffs' Counsel at one of the addresses listed in Section 10 above.

**PLEASE DO NOT CONTACT THE COURT, HOUSEHOLD OR BENEFICIAL FOR INFORMATION.**

BY ORDER OF THE COURT

The Honorable Claudia Wilken
United States District Judge
Northern District of California

Dated: December 12, 2003

Form G3645